MILDRED MARIE PURIFOY RIGGS AND HUSBAND, ERNEST LEE RIGGS, v. LINWOOD EARL ANDERSON AND WIFE, JUERNE ANDERSON.

(Filed 18 September 1963.)

**Frauds, Statute of, §§ 3, 62—**

> Nonsuit is properly entered in an action to compel the conveyance of land by some of the tenants in common to plaintiff tenants in accordance with an alleged parol agreement, the defense of the statute of frauds being raised by a general denial of the parol agreement.

APPEAL by plaintiffs from *Burgwyn, E.J.*, January 1963 Session of PAMLICO.

Action to recover damages for breach of contract to sell land.

The allegations of the complaint and the evidence introduced in support thereof are to the following effect: Plaintiffs and defendants herein (and others) were tenants in common and parties to a special proceeding for partition of land. Plaintiffs and defendants were petitioners and respondents, respectively, in the partition proceeding. The special proceeding, on appeal from a judgment of the clerk, was calendared for trial at the January 1960 Term of Pamlico Superior Court. Before it was reached for trial at that term there was a conference between counsel for defendants, counsel for plaintiffs, and one of the plaintiffs. After the conference counsel for defendants stated in open court that the proceeding would not be for trial, that his clients would accept the sum of $2500 for their interest in the land and would execute a deed to plaintiffs upon payment of that sum. The plaintiff who was present and his counsel assented. The trial of the partition proceeding was continued. Thereafter defendants refused to execute a deed to plaintiffs for their interest in the land, and refused to accept the $2500 which was tendered to them. Plaintiffs were damaged by reason of the breach of the agreement; they had purchasers for the land and the timber thereon and lost $5000 in profits which they would have made from a resale.

Defendants, answering, denied that there was any agreement, denied that their attorney had any authority to make a contract for sale of their interest, and averred that the offer made by their attorney was conditioned upon a later approval by them. Defendants' evidence tends to support the allegations of the answer.

At the close of all the evidence the court sustained defendants' motion for nonsuit. Plaintiffs appeal.

*Charles L. Abernethy, Jr., for plaintiffs.*
*Cecil D. May for defendants.*

PER CURIAM. The court did not err in nonsuiting plaintiffs. No memorandum or other instrument of writing containing the terms of the alleged offer and acceptance were signed by the parties or their attorneys or placed upon the minutes of the court, so far as the record on appeal discloses. Defendants accepted no part of the money tendered. A wholly unexecuted parol contract to sell land is void. *Carpenter v. Yancey*, 231 N.C. 160, 56 S.E. 2d 396; *Kluttz v. Allison*, 214 N.C. 379, 199 S.E. 395. A defense of the statute of frauds may be taken advantage of by general denial. *Humphrey v. Faison*, 247 N.C.

127, 100 S.E. 2d 524; 2 Strong: N. C. Index, Frauds, Statute of, s. 3, p. 389.

Affirmed.