JAMES B. HENRY, SR., AND ERNEST L. RIDENHOUR v. L. G. SHORE, JR. AND WIFE, BARBARA D. SHORE; RICHARD C. TALBERT, JR. AND WIFE, ELIZABETH C. TALBERT; RICHARD C. TALBERT, SR., AND WIFE, MARGARET C. TALBERT; C. B. MILLER; NORTH CAROLINA SAVINGS AND LOAN ASSOCIATION OF STANLY COUNTY, NORTH CAROLINA

No. 7320SC262

(Filed 13 June 1973)

1. **Frauds, Statute of § 7— oral contract to convey — voidness**
   Summary judgment was properly entered in favor of defendant in an action for specific performance of an oral contract to convey land or for damages for breach thereof since such a contract is void. G.S. 22-2.

2. **Contracts § 32; Registration § 1; Vendor and Purchaser § 10— interference with contract to convey — failure to record contract**
   Summary judgment was properly entered in favor of defendants in an action in which plaintiff sought damages resulting from an alleged conspiracy to deprive plaintiff of his rights under a contract to purchase land where it was stipulated that no such contract had been recorded as required by G.S. 47-18.

APPEAL by plaintiffs from a judgment entered by *Godwin, Special Judge,* 9 October 1972 Session of STANLY County Superior Court.

The plaintiffs filed a complaint in an action against Shore on 20 March 1972. In this action the plaintiffs asserted that on 13 March 1972, they entered into a contract to purchase certain real estate from Shore for a price of $34,000.00; that plaintiffs tendered the purchase price to Shore, and he refused to accept same and refused to convey the lands involved to plaintiffs but advised that he had another buyer. Plaintiffs sought specific performance of the contract or, in lieu thereof, $8,000.00 in damages. Shore filed an answer denying the material allegations of the complaint and further asserted that any agreement was entirely oral and in violation of the Statute of Frauds, G.S. 22-2, and was therefore void. Thereafter on 28 June 1972, plaintiffs filed a motion to make Talbert, Jr., Talbert, Sr., Miller, and Savings and Loan Association parties to the action and alleged that on 27 March 1972, Shore conveyed the land in question to Talbert, Jr., and on the same date Talbert, Jr., and Talbert, Sr., executed a deed of trust to Miller and the Savings and Loan Association; that all of the additional defendants knew of the contract between the plaintiffs and Shore and that they conspired and agreed to interfere with the contract and that as a result thereof a cloud has been created on the aforesaid property, and the plaintiffs have been damaged in the amount of $8,000.00.

The additional defendants filed pleadings denying any wrongdoing on their respective parts but admitting the conveyance from Shore to Talbert, Jr., and the execution of the deed of trust to Miller as trustee for the Savings and Loan Association.

Thereafter, the parties entered into certain stipulations including one to the effect that no contract between the plaintiffs and Shore had ever been recorded in the Stanly County Public Registry.

A motion for summary judgment was filed by the Shores; and upon hearing thereon, the plaintiffs stated in open court that the contract between the plaintiffs and Shore was an oral one. Judgment was duly entered dismissing the action as to Shore, and no appeal was taken.

Likewise motions for summary judgment were made on behalf of Talbert, Jr., Talbert, Sr., Miller, and the Savings and Loan Association. These motions were also allowed. Pursuant to the judgments allowing the motions for summary judgment, the

action was dismissed with prejudice as to Talbert, Jr., Talbert, Sr., Miller, and the Savings and Loan Association.

*Jones and Drake by Henry T. Drake for plaintiff appellants.*

*D. D. Smith for defendant appellees, Richard C. Talbert, Jr., and wife, Elizabeth C. Talbert; and Richard C. Talbert, Sr., and wife, Margaret C. Talbert.*

*Coble, Morton and Grigg by David L. Grigg for defendant appellees, C. B. Miller and North Carolina Savings and Loan Association.*

CAMPBELL, Judge.

[1]    There was no error in dismissing this action as to all defendants. The summary judgment in favor of Shore was correct for that there was no contract in writing pertaining to the conveyance of the realty as required by North Carolina General Statutes 22-2. "A wholly unexecuted parol contract to sell land is void." *Riggs v. Anderson,* 260 N.C. 221, 132 S.E. 2d 312 (1963).

[2]    With regard to the Talberts, Miller, and the Savings and Loan Association, the North Carolina registration statute, G.S. 47-18, is controlling. *Bruton v. Smith,* 225 N.C. 584, 36 S.E. 2d 9 (1945) ; *Eller v. Arnold,* 230 N.C. 418, 53 S.E. 2d 266 (1949).

Affirmed.

Judges MORRIS and PARKER concur.