**Luther James BUSH,**
**Plaintiff,**

**v.**

**WOOD BROTHERS TRANSFER, INC.**
**and IBT Local No. 988,**
**Defendants.**

**Civ. A. No. 73-H-966.**

United States District Court,
S. D. Texas,
Houston Division.

Aug. 11, 1975.

Craig A. Washington, Sr., Wade, Rasmus & Washington, Houston, Tex., for plaintiff.

Philip J. Pfeiffer, Fulbright & Jaworski, Houston, Tex., for defendant Wood Brothers Transfer, Inc.

James P. Wolf, Dixie, Wolf & Hall, Houston, Tex., for defendant Union.

## MEMORANDUM AND ORDER

SEALS, District Judge.

This cause of action is before the Court on Defendants' Motions For Summary Judgment. On June 23, 1975, the Court ordered Plaintiff to respond to the motions, and Plaintiff did so on July 2, 1975. Defendant Wood Brothers subsequently filed a reply on July 17, 1975. After having studied the motions and the briefs, the Court is of the opinion that a summary judgment motion is procedurally proper inasmuch as the relevant facts are not materially in dispute and only legal issues are involved, however, the motions on the grounds presented must be denied.

The facts underlying the motions are not very complex. This is a cause of action for relief from alleged employment discrimination based on Plaintiff's race. Plaintiff is seeking such relief under both 42 U.S.C. § 2000e *et seq.* (Title VII) and 42 U.S.C. § 1981. The discrimination of which Plaintiff complains culminated in his discharge on February 4, 1970. He then sought relief through the grievance procedures under the collective-bargaining agreement between Defendant Union and Defendant Wood Brothers. The grievance proceeding resulted in an arbitrator rendering a decision on July 27, 1970, awarding Plaintiff reinstatement but without back pay. On July 27, 1970, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), on or about June 26, 1973, he received his right-to-sue letter, and he instituted the instant cause of action on July 10, 1973.

The legal questions raised by Defendants involve the tolling of statutes of limitations. While Plaintiff was engaged in the grievance proceeding he was not pursuing any of his other possible avenues of relief. He filed with the EEOC beyond the ninety-day period prescribed by 42 U.S.C. § 2000e–5(f)(1), and he did not raise § 1981 as a ground for relief until the filing of this cause of action, some three and one-half years after his discharge. Defendants urge that the recent United States Supreme Court decision in *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S. Ct. 1716, 44 L.Ed.2d 295 (1975), applies on its face to the § 1981 action and by implication to the Title VII action causing both to be barred by the applicable statutes of limitations.

In *Johnson,* it was held that the filing of a complaint with the EEOC under Title VII does not toll the running of

the applicable state statute of limitations, here two years, *Johnson v. Goodyear Tire & Rubber Co.,* 491 F.2d 1364, 1378 (5th Cir. 1974), in an action under § 1981 because Title VII and § 1981 provide independent courses of procedure and relief in an employment discrimination action. The question here is whether or not *Johnson* should be applied retroactively to Plaintiff in the instant action This question has been dealt with by the Supreme Court, and three factors have been established which must be weighed according to the facts and circumstances of each case.

> First, the decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . .. Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." . . . Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." . . .

*Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) (citations omitted). Therefore, these three factors must be examined in relation to this cause of action.

■ Plaintiff in the case at bar filed this civil action some two years before *Johnson.* The Court can only assume that in pursuing his private grievance procedures before filing with the EEOC, Plaintiff was relying on the then existing Court of Appeals' decision in *Culpepper v. Reynolds Metals Co.,* 421 F.2d 888, 891–93 (5th Cir. 1970). The Court can also only assume that in not utilizing his § 1981 remedy until the institution of this cause of action, Plaintiff was relying on the Court of Appeals' decision in *Boudreaux v. Baton Rouge Marine Contracting Co.,* 437 F. 2d 1011, 1017 n.16 (5th Cir. 1971), and other cases reaffirming the principle that the § 1981 statute of limitations is tolled during the pendency of an EEOC investigation. Thus, under the first of the three *Chevron* criteria, non-retroactivity is indicated because *Johnson* established a new principle of law by overruling past precedent that was clear at least in this Circuit, precedent upon which Plaintiff presumably relied, and *Johnson* also decided an issue of apparent first impression. There does not appear to have been any prior Supreme Court decision on the issue of the tolling of a § 1981 statute of limitations during an EEOC investigation, and even the very basic question of whether or not "§ 1981 affords a federal remedy against discrimination in private employment on the basis of race," though "well settled among the federal courts of appeals," was never previously ruled on by the Supreme Court either. *Johnson,* 421 U.S. at 459, 95 S.Ct. at 1720 (footnote omitted). Therefore, it is the opinion of this Court that the first *Chevron* criterion is satisfied in this cause of action.

The second criterion concerns the nature and operation of the past rule that is in question. The rule here was that during the pendency of an EEOC investigation, the § 1981 statute of limitations is tolled. The purpose of this rule was to implement the policy of encouraging plaintiffs to use every avenue of relief prior to instituting a civil suit. In *Johnson,* the Supreme Court has apparently come to the realization that the theory of the old rule does not operate in practice, however, there are presently numerous litigants who relied on the rule and refrained from instituting theoretically premature § 1981 actions prior to the conclusion of an EEOC proceeding. Thus, it

is the opinion of this Court that the second criterion is also met inasmuch as the prior rule is presently in operation in the form of pending Title VII and § 1981 litigation and non-judicial EEOC proceedings. The rule served a positive function which would be destroyed by the retroactive application of *Johnson*. The courts and the litigants attempted to follow the intent of Congress by permitting the use of the EEOC in the hope that relief might be forthcoming without resort to the courts. It seems that that theory has now been disapproved, but the experiments that are still under way should not now be interrupted despite the fact that their successful conclusion has been all but foreclosed.

The third criterion goes to the inequities of retroactive application of a new rule. The Court is of the opinion that litigants such as Plaintiff here would be clearly and severely harmed by the retroactive application of *Johnson*. Defendant Wood Brothers makes the argument that if an employer is in fact following illegal employment practices then even if one plaintiff is dismissed under *Johnson* there will be others to take his place in a class action. But there can be no assurances that such a new plaintiff exists or will in fact come forward even if he does exist. The instant cause of action is over two years old and was apparently quite ready for trial when the motions under consideration were filed. The Court can see only inequity if Plaintiff is suddenly and summarily dismissed under *Johnson*.

■ Therefore, it is the opinion of this Court that the rule in *Johnson* satisfies the three *Chevron* criteria to require a holding of nonretroactivity so that summary judgment should not be granted as to Plaintiff's § 1981 cause of action. This holding is being made in a cause of action where the EEOC proceedings have terminated and the claimant has filed a civil action under both Title VII and § 1981. However, the Court would note, while not passing

on the question, that the nonretroactivity of *Johnson* should also apply to instances where a plaintiff has instituted an EEOC proceeding but no court action and where, due to "the significant delays that have attended administrative proceedings in the EEOC," *Johnson*, 421 U.S. at 465, 95 S.Ct. at 1722, he would now be time-barred under *Johnson* if he instituted a civil action under only § 1981 prior to the conclusion of his EEOC proceeding. Such plaintiffs should be permitted to continue their EEOC proceedings under the prior case law unless it is possible for them now to file a § 1981 civil action that would be timely under *Johnson*. Any other determination would be as untenable under *Chevron* as that urged by Defendants here.

■ In addition to attacking the § 1981 claim, Defendants have also raised the question of the *Johnson* rationale applying to Plaintiff's Title VII action as well. Defendants urge that just as a plaintiff may not now under *Johnson* defer instituting a cause of action under § 1981 during the pendency of an EEOC investigation, so may he not defer instituting a cause of action under Title VII during the pendency of a private pre-EEOC grievance proceeding such as Plaintiff here utilized. The Court is of the opinion that this argument lacks merit.

First, the rule announced in *Johnson* clearly only applies to § 1981 claims and may not be stretched to include Title VII actions as well. Second, even if *Johnson* were to be so stretched, the Court is of the opinion that *Chevron* would again apply to preclude retroactive application to the Plaintiff in this cause of action. Thus, since *Johnson* does not apply to the case at bar to make Plaintiff's Title VII action untimely, then the existing Court of Appeals' precedent on this question remains in force to require a denial of summary judgment as to Plaintiff's Title VII cause of action. *Culpepper, supra*. The

Court would also note that *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S. Ct. 1011, 39 L.Ed.2d 147 (1974), also seems to be applicable to preserve Plaintiff's Title VII claim.

In *Alexander*, Plaintiff there was discharged on September 29, 1969, which can, as in the case at bar, arguably be considered as the final date of discrimination for statute of limitations purposes. On October 1, 1969, a grievance under a collective-bargaining agreement was filed, and on December 30, 1969, more than ninety days after the discharge, the arbitral decision was rendered. While *Alexander* does not indicate the date on which Plaintiff there filed with the EEOC, it was not until July 25, 1970, that the EEOC determination was made. "The complaint in [district court] was filed on August 25, 1970 [more than 30 days after the letter from the EEOC but within the 20 days allowed by the Court]." *Alexander v. Gardner-Denver Co.*, 346 F.Supp. 1012, 1013–14 (D.Colo.1971), *aff'd* 466 F.2d 1209 (10th Cir. 1972), *rev'd*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Under these facts the Supreme Court held that a Title VII action in federal district court is not foreclosed by a submission of the complaint first to final arbitration under a collective-bargaining agreement. The Court also held that Alexander met the prerequisites of a Title VII action when he "(1) filed timely a charge of employment discrimination with the Commission, and (2) received and acted upon the Commission's statutory notice of the right to sue." *Alexander*, 415 U.S. at 47, 94 S. Ct. at 1019 (citations omitted). Therefore, it is the opinion of this Court that *Alexander* and *Culpepper* apply to Plaintiff's Title VII action, that *Johnson* does not apply, that the Title VII action is timely, and that Defendants' Motions For Summary Judgment on this issue should also be denied.

Therefore it is hereby ordered as follows:

Defendants' Motions For Summary Judgment are in all respects DENIED.