METROPOLITAN FURNITURE LEASING, INC. v. MARY H. HORNE

No 7510DC1076

(Filed 5 May 1976)

**Contracts § 26; Evidence § 32— lease agreement — admission of parol evidence — error**

> In an action to recover from defendant certain items of furniture and a sum of money allegedly due on a lease agreement, the trial court erred in allowing parol evidence to vary the terms of the parties' contract, since those items were not ambiguous but were precise as to the terms, intent, and purpose of the contract.

APPEAL by plaintiff from *Greene, Judge.* Judgment entered 1 August 1975 in District Court, WAKE County. Heard in the Court of Appeals 13 April 1976.

Plaintiff brought this action to recover from defendant certain items of furniture and a sum of money allegedly due on a lease agreement. The complaint alleges that plaintiff has a security interest in the furniture, and that defendant has defaulted and otherwise breached the terms of the security agreement giving plaintiff a right to immediate possession of the secured property.

The trial court held that the contract was ambiguous on its face as to whether it was a contract of sale or a contract of lease, and from the parol evidence introduced by defendant the court concluded it was a contract of sale. Judgment was entered for defendant and plaintiff appealed to this Court.

*Theodore A. Nodell, Jr., for plaintiff appellant.*

*No brief filed by defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the lower court erred in finding that ambiguity existed in the written provisions of the contract. Plaintiff argues that the contract, when viewed as a whole, contains all the terms essential for a lease agreement and contains no terms which would raise a doubt as to the true nature of the agreement. This contention appears to be correct.

Parol evidence is incompetent if its purpose is to vary, add to, or contradict, a written agreement on matters intended to be covered by the written agreement. *Neal v. Marrone*, 239 N.C. 73, 79 S.E. 2d 239 (1953) ; *Williams and Associates v. Products Corp.*, 19 N.C. App. 1, 198 S.E. 2d 67 (1973).

" . . . where the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent." *Neal v. Marrone, supra,* at 77.

The contract is designated a "Lease Agreement," and it contains no option to purchase at the end of the rental period, no provision for interest, and except for a comparison of the sales price and the monthly lease rate for each item leased, the contract is couched entirely in terms of a lease agreement and not a sales contract. It provides that the defendant has leased the specified items of furniture for one year at a monthly rate of $54.75 plus $2.19 sales tax. It provides further that upon

expiration of the term of lease the defendant may continue the lease on a month to month basis. It stipulates that upon the failure of the defendant to pay "any installment of rental" the plaintiff may take possession of the furniture.

We see no ambiguity in the written provisions of the contract. It is precise as to its terms, intent and purpose, and parol evidence was erroneously admitted to vary its terms. The judgment of the district court is reversed and remanded for proceedings not inconsistent with this opinion.

Reversed.

Judges BRITT and VAUGHN concur.