CARL ROSE & SONS READY MIX CONCRETE, INC. v. THORP SALES CORPORATION

No. 7723SC662

(Filed 20 June 1978)

1. **Limitation of Actions §§ 4.3, 12— breach of contract—accrual of cause of action —discontinuance of action—statute not tolled**

   In an action for breach of contract which allegedly occurred on 11 August 1973, the trial court erred in denying defendant's motion to dismiss made on the ground that the action was barred by the statute of limitations, since the statute of limitations was three years and began to run on the date on which the contract was broken; moreover, the fact that plaintiff had instituted an action within the three year period, which action had been discontinued because plaintiff failed to serve defendant with a proper summons, did not toll the statute's running, nor did the appeal undertaken by defendant to obtain a ruling on the validity of the initial summons, and plaintiff's subsequent efforts to revitalize the action by summons and alias and pluries summons under G.S. 1A-1, Rule 4(d) were to no avail.

2. **Limitation of Actions § 15— no equitable estoppel**

   In an action for breach of contract, the trial court did not err in failing to conclude that defendant was equitably estopped from pleading the statute of limitations, since there was no evidence indicating that defendant induced plaintiff to forestall the initiation of this lawsuit.

3. **Rules of Civil Procedure § 41— action barred by statute of limitations—no opportunity to file a new action**

   The trial court did not err in denying plaintiff an opportunity under G.S. 1A-1, Rule 41(b) to refile a new action within a reasonable time where the previous action was barred by the statute of limitations.

APPEAL by defendant from *Graham, Judge*. Order filed 25 May 1977, in Superior Court, YADKIN County. Certiorari allowed 22 June 1977. Heard in the Court of Appeals 23 May 1978.

Plaintiff filed its complaint in this action on 27 December 1973, and alleged the breach of a contract whereby defendant was to deliver to plaintiff on 11 August 1973 the title to a truck purchased by plaintiff from defendant. Defendant, according to plaintiff's complaint, failed to deliver the title, and plaintiff sought damages resulting from defendant's delay and plaintiff's subsequent inability to use the truck.

Defendant filed no answer and plaintiff obtained a default judgment against defendant. Defendant thereafter moved to have the court set aside the judgment on the grounds of defective summons and process. The trial court denied defendant's motion, but that order, dated 10 November 1975, was reversed by this Court, *Ready Mix Concrete v. Sales Corp.*, 30 N.C. App. 526, 227 S.E. 2d 301 (1976), which held that the original summons issued 27 December 1973, was fatally defective, that the court acquired no jurisdiction over defendant and that the default judgment entered against defendant was void.

Thereafter, plaintiff caused a summons and alias and pluries summons to be issued on 6 October 1976. Both documents were served on defendant. In response, defendant made motions to dismiss and for summary judgment on the basis that the three year statute of limitations for breach of contract (G.S. 1-52) had already run and therefore barred plaintiff's action. The trial court denied defendant's motion, holding that the three year statute of limitations was tolled for a period of approximately nine months from the date of the 10 November 1975 order denying defendant's motion to set aside the default judgment until 18 August 1976, the filing date of the opinion by this Court.

Defendant filed a petition for certiorari and this Court granted defendant's petition.

*Finger, Park & Parker, by Raymond A. Parker II and Daniel J. Park, for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by William C. Raper, for defendant appellant.*

ARNOLD, Judge.

I.

[1] The trial court erred in denying defendant's motion to dismiss pursuant to G.S. 1A-1, Rule 12b. The statute of limitations period for actions on a contract is three years and begins to run on the date on which plaintiff is entitled to institute an action, *i.e.* the date the contract is broken. *Pickett v. Rigsbee*, 252 N.C. 200, 113 S.E. 2d 323 (1960). In the case *sub judice*, the trial court correctly concluded that the statutory period began to run on 11 August 1973, the date on which the defendant was to deliver title to the truck. The date on which the statute of limitations begins to run is not altered by the fact that damages continue to accrue. In *Mast v. Sapp*, 140 N.C. 533, 537, 540, 53 S.E. 350, 351, 352 (1906), the Supreme Court stated:

> "Where there is a breach of an agreement or the invasion of a right, the law infers some damage. . . . [Citations omitted.] The losses thereafter resulting from the injury, at least where they flow from it proximately and in continuous sequence, are considered in aggravation of damages. . . . [Citations omitted.] The accrual of the cause of action must therefore be reckoned from the time when the first injury was sustained. . . . [Citations omitted.] When the right of the party is once violated, even in ever so small a degree, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete."

Having concluded that the statute of limitations began to run on 11 August 1973, the next consideration is how the statute is tolled, and whether it was tolled in the present case. Normally, the statute of limitations is tolled when legal action is commenced. Under G.S. 1A-1, Rule 3, an action is commenced when a complaint is filed or when a summons is issued. Action was commenced in this case by the filing of a complaint within the three-year limitation period. Under G.S. 1A-1, Rule 4(e), however, the action may be discontinued:

> "When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed."

Based on the record it must be concluded that plaintiff's action was discontinued when it failed to serve defendant with a proper summons within the three-year limitation period. Thereafter, plaintiff's efforts to revitalize the action by summons and alias and pluries summons under G.S. 1A-1, Rule 4(d) were to no avail. Rule 4(e) states that, after the discontinuance:

". . . alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement."

In the case before us, therefore, plaintiff commenced the action with the issuance of a summons and alias and pluries summons on 6 October 1976, well beyond the three year period prescribed by law.

Finally, it is concluded that the statute of limitations was not tolled by the appeal undertaken by defendant to obtain a ruling on the validity of the initial summons. When the statute of limitations starts to run, it continues until stopped by appropriate judicial process. *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570 (1966).

## II.

[2] On this appeal, plaintiff made two cross-assignments of error, the first of which is that the trial court erred in failing to conclude that defendant was equitably estopped from pleading the statute of limitations. Plaintiff cites *Nowell v. Tea Co.*, 250 N.C. 575, 108 S.E. 2d 889 (1959), for the general rule of equitable estoppel:

"[E]quity will deny the right to assert . . . [the statute of limitations] defense when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." 250 N.C. at 579, 108 S.E. 2d at 891.

The *Nowell* case involved a situation in which defendants promised plaintiff that defendants would make necessary repairs to cure structural defects in a building defendants constructed. Plaintiffs in that case relied upon defendants' statements until, shortly before the three-year statute had run, defendants stated

that they would no longer be responsible for the needed repair. The *Nowell* case is clearly distinguishable from the case before us where, according to the record, defendant delivered title to plaintiff on 22 February 1974. There is nothing in the record to indicate that defendant induced plaintiff to forestall the initiation of this lawsuit. Under the facts of this case, therefore, the doctrine of equitable estoppel does not apply.

[3]   The second cross-assignment of error by plaintiff is that the trial court erred in failing to make a conditional ruling on its alternative motion to dismiss without prejudice under Rule 41(a) (2) and allow plaintiff a reasonable time to refile his claim. This position is rejected. G.S. 1A-1, Rule 41(a)(2) provides:

> "By Order of Judge.—Except as provided in subsection (1) of this section, an action or any claim therein shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as justice requires. Unless otherwise specified in the order, a dismissal under this subsection is without prejudice. *If an action commenced within the time prescribed therefor, or any claim therein,* is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless the judge shall specify in his order a shorter time." [Emphasis added.]

Rule 41 does not authorize a party to take a dismissal without prejudice of a previous action barred by the statute of limitations and then to refile the action in order to avoid the statute of limitations. Plaintiff's reliance on *Gower v. Insurance Co.*, 13 N.C. App. 368, 185 S.E. 2d 722, *aff'd*. 281 N.C. 577, 189 S.E. 2d 165 (1972), is misplaced. *Gower* does not stand for the proposition that plaintiff may be given the opportunity under Rule 41(b) to refile a new action within a reasonable time where the previous action is barred by the statute of limitations.

Defendant's motion to dismiss should have been allowed. The order appealed from is

Reversed.

Judges BRITT and ERWIN concur.