Hill v. Memorial Park

JOHNNIE H. HILL AND WIFE, CLARA MAE F. HILL v. PINELAWN MEMORIAL PARK, INC., WILLIAM C. SHACKELFORD AND WIFE, JENNIE L. SHACKELFORD

No. 808SC364

(Filed 6 January 1981)

**1. Evidence § 32.2— parol evidence rule**

In an action for breach of contract to convey burial rights in a crypt, testimony by the female plaintiff that Crypt "D" was the subject of negotiations between plaintiffs and defendant did not violate the parol evidence rule where the crypt designation was assigned to the agreement between the parties after it was signed by plaintiffs and was admittedly not an element dealt with in the contract.

**2. Limitation of Actions § 4.3—  breach of contract action — statute of limitations**

Plaintiffs' action for breach of a contract to convey burial rights in a crypt was brought within the three year statute of limitations of G.S. 1-52(1) and (9) where the breach occurred when defendant refused to convey burial rights in a specified crypt to plaintiffs in March of 1977 and the suit was instituted later in March of 1977.

**3. Damages §§ 3.4, 17.7— breach of contract — damages for mental anguish — punitive damages**

Damages for mental anguish and punitive damages were properly awarded to plaintiffs in an action for breach of contract to convey burial rights in a specified crypt since the evidence was sufficient to show that plaintiffs' contract with defendant involved a personal rather than a commercial subject matter, and the jury found that plaintiffs were defrauded by defendant.

**4. Registration § 4— purchasers for value — registration of deed — priority over unrecorded contract to convey**

Defendants were purchasers for value of a mausoleum crypt where they paid substantial monies as a down payment and thereafter completed payment of the contract price of $3,230.14 and, by recording their deed for the crypt, they gained priority under G.S. 47-18(a) over plaintiffs' unrecorded contract to convey the crypt.

APPEAL by defendants from *Lane, Judge.* Judgment entered 12 October 1979 in Superior Court, LENOIR County. Heard in the Court of Appeals 10 October 1980.

This is a civil action brought by plaintiffs Johnnie and Clara Mae Hill against Pinelawn Memorial Park, Inc. and William and Jennie Shackelford wherein they seek damages and specific performance of a contract to convey burial rights in a crypt. Plaintiffs and defendant Pinelawn entered into a Family Protection Agreement in the fall of 1972 whereby Pinelawn agreed to sell and plaintiffs agreed to buy burial rights in a mausoleum crypt. The purchase price was $2,789.60.

A promissory note and contract to sell were incorporated into the Family Protection Agreement. The contract, along with other recitations, stated:

> Seller will retain security title in the above described property and Seller will convey to Buyer all right, title or interest in the above described property solely for interment purposes, subject at all times to the present rules, regulations and by-laws of the Seller on file in its office and/or such as may be hereinafter adopted, amended, or altered, upon the payment in full of the Promissory Note.

Plaintiffs allege and their evidence tends to show that no letter designation of the crypt involved appeared on the contract, but that they advised Teresa Ingram, the sales representative handling their investment, that they wanted the crypt facing east towards Kinston. Plaintiff Clara Mae Hill testified that she clearly indicated to Teresa Ingram that she wanted the crypt facing the east and Kinston, which she later discovered is designated crypt "D".

Plaintiffs' evidence further indicated that they made regular monthly payments on the note until March of 1977 when they attempted to complete their payments. In a series of letters between plaintiffs' counsel and defendant Pinelawn, plaintiffs were advised that the cemetary's records showed plaintiffs purchasing crypt "C", not crypt "D", and that "D" had been sold to defendants Shackelford.

Defendants Shackelfords' evidence tended to show that they entered into a written agreement with defendant Pinelawn to purchase mausoleum crypt "D" for $3,230.14 in February of 1974 and completed payment on the contract in February of 1976. Defendants Shackelford requested and received a deed to crypt "D" after being served with a summons in this action and discovering they did not have a deed. This deed was recorded on 9 September 1977. Defendant William Shackelford testified he and his wife did not know the plaintiffs or know that plaintiffs were purchasing a crypt from defendant Pinelawn until they were served with notice of this suit in the fall of 1977.

Defendant Pinelawn's evidence tended to show that plaintiffs requested crypt "C" not crypt "D", and that they sold defendants Shackelford the only available crypt in February of 1974. Defendant Pinelawn introduced documents concerning plaintiffs' purchase bear-

ing the crypt designation "C", but through their own witness established that in the usual course of business at Pinelawn specific grave sites or crypt designations are placed on the Family Protection Agreements by an office administrator after the purchaser signs the contract.

The complaint alleged breach of contract by Pinelawn by refusing to convey crypt "D" to plaintiffs, fraud on the part of Pinelawn and a conspiracy between Pinelawn and the Shackelfords to deprive plaintiffs of their rights to crypt "D". Plaintiffs also alleged that defendants Shackelford interfered with their contract with Pinelawn. Plaintiffs sought relief in the form of specific performance or a return of the monies paid on the contract from Pinelawn, compensatory and punitive damages from both Pinelawn and the Shackelfords, and a conveyance of the burial rights in crypt "D" from the Shackelfords.

Both Pinelawn and Shackelfords' motions for directed verdict were denied and the judge directed the jury to answer Issue #6 in the negative. The issues submitted and the answers by the jury were as follows:

1. Did Defendant Pinelawn Memorial Park, Inc., agree with Plaintiffs to convey to Plaintiffs Crypt "D"?
Yes.

2. If so, did Defendant Pinelawn Memorial Park, Inc., fail to perform the agreement to convey Crypt "D" to Plaintiffs?
Yes.

3. What amount, if any, are Plaintiffs entitled to recover of Defendant Pinelawn Memorial Park, Inc., for breach of contract?
$100.00.

4. Did the Defendant Pinelawn Memorial Park, Inc., defraud the Plaintiffs?
Yes.

5. If so, what amount of punitive damages are Plaintiffs entitled to recover of Defendant Pinelawn Memorial Park, Inc.?
$10,800.00.

6. Were the Defendants Shackelfords innocent purchasers for value?
No.

7. Did Defendant William C. Shackelford wrongfully interfere with the contractual relationship between Plaintiffs and Defendant Pinelawn Memorial Park, Inc.?
No.

8. If so, what amount of damages, if any, are Plaintiffs entitled to recover from Defendant William C. Shackelford?
0.

9. What amount of punitive damages, if any, are Plaintiffs entitled to recover from Defendant William C. Shackelford?
0.

Based on the jury's answers to the issues, the trial judge ordered:

1. Defendant Pinelawn Memorial Park, Inc., shall execute and deliver to Plaintiffs a warranty deed conveying Crypt "D" of the Garden of Eternal Light in Pinelawn Memorial Park, Inc., as more particularly described in Deed Book 710 at Page 176 of the Lenoir County Registry.

2. The Defendants Shackelfords shall execute and deliver to Plaintiffs a Quitclaim Deed conveying Crypt "D" of the Garden of Eternal Light in Pinelawn Memorial Park, Inc., or more particularly described in Deed Bood 710 at Page 176 of the Lenoir County Registry.

3. The Defendant Pinelawn Memorial Park shall pay to Defendants Shackelford all sums of money heretofore paid by the Shackelfords to the Defendant Pinelawn Memorial Park for the purchase of Crypt "D".

4. The Plaintiffs shall pay to Defendant Pinelawn Memorial Park the sum of $152.97 representing the balance of the purchase price as provided in the contract dated October 13, 1972.

5. The Defendant Pinelawn Memorial Park, Inc., shall pay to Plaintiffs the sum of $100.00 as damages for the

breach of a contract dated October 13, 1973.

6. The Defendant Pinelawn Memorial Park, Inc., shall pay to Plaintiffs the sum of $10,800.00 as punitive damages.

7. The costs of this action are taxed against the Defendant Pinelawn Memorial Park, Inc.

8. All liens, judgments, mortgages, deeds of trust, and encumbrances whatsoever which have been filed against the real property described in Deed Book 710 at Page 176 of the Lenoir County Registry by any person, firm, or corporation (other than the Plaintiffs herein) since April 25, 1977, are hereby declared null and void and are cancelled of record.

9. The payment of the balance of the purchase price as ordered herein in Paragraph 4 above, and the execution and delivery of the deed as required herein above in Paragraph 1 and 2 shall be complied with within thirty (30) days after the filing of this Judgment in the Clerk of Court's office in Lenoir County, North Carolina.

10. A true copy of this Judgment shall be certified by the Clerk of Superior Court of Lenoir County and delivered by him to the Register of Deeds of Lenoir County who shall then record and index same in the Register of Deeds office in the manner by law prescribed.

Defendants Pinelawn and Shackelfords appeal.

*Marcus & Whitley, by Harvey W. Marcus and Robert E. Whitley, for plaintiff appellees.*

*Jeffress, Morris & Rochelle, by A. H. Jeffress, for defendant appellant Pinelawn Memorial Park, Inc.*

*Fred W. Harrison for defendant appellants William and Jennie Shackelford.*

ARNOLD, Judge.

[1] In their first assignment of error, defendant Pinelawn challenges the testimony of plaintiff Clara Mae Hill that crypt "D" was the subject of negotiations between plaintiffs and defendant Pinelawn.

Pinelawn asserts this testimony violated the parol evidence rule and should have been excluded at trial. However, Pinelawn overlooks the fact that a defense witness, Charles Lynn, testified that in the ordinary course of business a crypt designation would have been assigned to the Family Protection Agreement by the office administrator after it was signed by the plaintiffs. In light of the fact that the crypt designation was admittedly not an element dealt with in the contract, the evidence by plaintiff Clara Mae Hill as to which crypt she indicated she wanted was not barred by the parol evidence rule. *See, Metropolitan Furniture Leasing, Inc. v. Horne*, 29 N.C. App. 400, 224 S.E. 2d 305 (1976).

Equally without merit is Pinelawn's argument that inadmissible hearsay was admitted by Clara Mae Hill concerning her conversation with Patricia Grant, a former employee of Pinelawn. The testimony concerned Patricia Grant's statement, "uh oh, Mrs. Hill, somebody has played a switch-a-roo on you." The same evidence was subsequently allowed without objection when Patricia Grant testified that she telephoned Mrs. Hill and ". . . told her that a switch had been made . . . ." By failing to object when evidence of the same import was later admitted defendant Pinelawn waived its exception to the admission of the evidence. Therefore, we find no prejudicial error.

Defendant Pinelawn's assertion that plaintiffs' claim for specific performance of the Family Protection Agreement should have been dismissed is well taken. As discussed subsequently in this opinion in regard to defendants Shackelfords' appeal, Pinelawn has no interest in crypt "D" which they can be directed to convey to the Hills, therefore, defendant Pinelawn's motion to dismiss plaintiffs' specific performance claim should have been granted.

[2] Pinelawn's challenge to this action on the basis of the three-year statute of limitations is incorrect. N.C.G.S. 1-52(1) and (9). The statutory period begins to run on the date the promise is broken or the breach occurs. *Ready Mix Concrete v. Sales Corp.*, 36 N.C. App. 778, 245 S.E. 2d 234 (1978). The breach of promise occurred in this case when Pinelawn refused to convey burial rights in crypt "D" to plaintiffs in March of 1977. The suit was brought later in March of 1977, well within the three-year statute of limitations.

[3] Next, Pinelawn requests that damage awards be overturned on the rationale that neither damages for mental anguish nor punitive

damages are proper in a breach of contract case. However, *Carroll v. Rountree, 34 N.C. App. 167, 237 S.E. 2d 566 (1977), aff'd on rehearing,* 36 N.C. App. 156, 243 S.E. 2d 821, *discr. rev. denied.,* 295 N.C. 549, 248 S.E. 2d 725 (1978), recognized the propriety of damages for mental anguish in breach of contract cases when "the subject matter of the contract was of a personal rather than commercial nature." *Id.* at 174, 237 S.E. 2d at 572. Sufficient evidence was presented to establish that plaintiffs' contract with Pinelawn involved a personal rather than commercial subject matter. Moreover, our courts have recognized that in breach of contract actions, "with substantial tort overtones emanating from the fraud and deceit" of the defendant, punitive damages may be proper. *Oestreicher v. American National Stores, Inc.,* 290 N.C. 118, 136, 225 S.E. 2d 797, 809 (1976); *Carroll, supra.*

Finally, Pinelawn's motion for a mistrial pursuant to an improper question asked by plaintiffs' counsel was properly denied by the trial judge. The judge admonished the jury to disregard the question following objection by counsel for Pinelawn. We do not feel that Pinelawn was unduly prejudiced by the asking of the question, especially in light of the judge's instruction that the jury disregard the question.

Defendants Shackelford assign as error several rulings on motions concerning evidence presented at trial. In light of the fact that the jury found every issue except number six in favor of the Shackelfords, the rulings could not be prejudicial to their case.

**[4]**  The Shackelfords' other assignment of error attacked the judge's direction to the jury that they answer Issue #6 in the negative as to whether the Shackelfords were purchasers for value. The trial judge apparently made this ruling based on the fact that defendants Shackelford had actual notice of this action prior to receiving and recording of their deed to crypt "D". Both parties say that the issue depends upon when defendants acquired a protected interest in the crypt.

Our recording statute, N.C.G.S. 47-18 clearly states: "(a) No (i) conveyance of land, or (ii) contract to convey . . . shall be valid to pass any property interest as against . . . purchasers for a valuable consideration from the . . . bargainor . . . but from the time of registration thereof in the county where the land lies . . . ." North Carolina's statute creates a "race to the courthouse" to determine priority between purchasers for value from the grantor. J. Webster, *Real Estate*

*Law in North Carolina* § 331 (1971). Therefore, "no notice however full or formal, will supply the want of registration of a deed" or contract to convey. *Id.* and cases cited therein.

Defendants Shackelford were purchasers for value as evidenced by the record, since it is undisputed that the Shackelfords paid substantial monies as a down payment. Shackelfords, by recording their deed from Pinelawn for crypt "D", gained priority under the statute over plaintiffs' unrecorded contract to convey. N.C.G.S. 47-18(a); *Henry v. Shore,* 18 N.C. App. 463, 197 S.E. 2d 270 (1973). The Shackelfords were entitled to a directed verdict in their favor on Issue #6 in light of the statute, thus, the trial court erred in answering that issue in plaintiffs favor.

For the reasons discussed above: the judgment as to the Shackelfords is reversed, the judgment as to the punitive damages against defendant Pinelawn is affirmed, and otherwise as to Pinelawn the judgment is vacated and remanded to the trial court for entry of judgment of compensatory damages for the money paid by plaintiffs to defendant Pinelawn pursuant to the contract to purchase plus the $100 awarded by the jury.

No error in part.

Reversed and Remanded in part.

Judges MARTIN (Harry C.) and HILL concur.