275 S.E.2d 838 (1981)
Johnnie H. HILL and wife, Clara Mae F. Hill
v.
PINELAWN MEMORIAL PARK, INC., William C. Shackelford and wife, Jennie L. Shackelford.
No. 808SC364.
Court of Appeals of North Carolina.
January 6, 1981.
Certiorari Allowed April 7, 1981.
*841 Marcus & Whitley by Harvey W. Marcus and Robert E. Whitley, Kinston, for plaintiffs-appellees.
Jeffress, Morris & Rochelle by A. H. Jeffress, Kinston, for defendant-appellant Pinelawn Memorial Park, Inc.
Fred W. Harrison, Kinston, for defendants-appellants William and Jennie Shackelford.
Certiorari Allowed by Supreme Court April 7, 1981.
ARNOLD, Judge.
In their first assignment of error, defendant Pinelawn challenges the testimony of plaintiff Clara Mae Hill that crypt "D" was the subject of negotiations between plaintiffs and defendant Pinelawn. Pinelawn asserts this testimony violated the parol evidence rule and should have been excluded at trial. However, Pinelawn overlooks the fact that a defense witness, Charles Lynn, testified that in the ordinary course of business a crypt designation would have been assigned to the Family Protection Agreement by the office administrator after it was signed by the plaintiffs. In light of the fact that the crypt designation was admittedly not an element dealt with in the contract, the evidence by plaintiff Clara Mae Hill as to which crypt she indicated she wanted was not barred by the parol evidence rule. See, Metropolitan Furniture Leasing, Inc. v. Horne, 29 N.C. App. 400, 224 S.E.2d 305 (1976).
Equally without merit is Pinelawn's argument that inadmissible hearsay was admitted by Clara Mae Hill concerning her conversation with Patricia Grant, a former employee of Pinelawn. The testimony concerned Patricia Grant's statement, "uh oh, Mrs. Hill, somebody has played a switch-a-roo on you." The same evidence was subsequently allowed without objection when Patricia Grant testified that she telephoned Mrs. Hill and "... told her that a switch had been made...." By failing to object when evidence of the same import was later admitted defendant Pinelawn waived its exception to the admission of the evidence. Therefore, we find no prejudicial error.
Defendant Pinelawn's assertion that plaintiffs' claim for specific performance of the Family Protection Agreement should have been dismissed is well taken. As discussed subsequently in this opinion in regard to defendants Shackelfords' appeal, Pinelawn has no interest in crypt "D" which they can be directed to convey to the Hills, therefore, defendant Pinelawn's motion to dismiss plaintiffs' specific performance claim should have been granted.
Pinelawn's challenge to this action on the basis of the three-year statute of limitations is incorrect. N.C.G.S. 1-52(1) and (9). The statutory period begins to run on the date the promise is broken or the breach occurs. Ready Mix Concrete v. Sales Corp., 36 N.C.App. 778, 245 S.E.2d 234 (1978). The breach of promise occurred in this case when Pinelawn refused to convey burial rights in crypt "D" to plaintiffs in March of 1977. The suit was brought later in March of 1977, well within the three-year statute of limitations.
Next, Pinelawn requests that damage awards be overturned on the rationale that neither damages for mental anguish nor punitive damages are proper in a breach of contract case. However, Carroll v. Rountree, 34 N.C.App. 167, 237 S.E.2d 566 (1977), aff'd on rehearing, 36 N.C.App. 156, 243 S.E.2d 821, reh. denied, 295 N.C. 549, 248 S.E.2d 725 (1978), recognized the propriety of damages for mental anguish in breach of contract cases when "the subject matter of the contract was of a personal rather than commercial nature." Id. at 174, 237 S.E.2d at 572. Sufficient evidence was presented to establish that plaintiffs' contract *842 with Pinelawn involved a personal rather than commercial subject matter. Moreover, our courts have recognized that in breach of contract actions, "with substantial tort overtones emanating from the fraud and deceit" of the defendant, punitive damages may be proper. Oestreicher v. American National Stores, Inc., 290 N.C. 118, 136, 225 S.E.2d 797, 809 (1976); Carroll, supra.
Finally, Pinelawn's motion for a mistrial pursuant to an improper question asked by plaintiffs' counsel was properly denied by the trial judge. The judge admonished the jury to disregard the question following objection by counsel for Pinelawn. We do not feel that Pinelawn was unduly prejudiced by the asking of the question, especially in light of the judge's instruction that the jury disregard the question.
Defendants Shackelford assign as error several rulings on motions concerning evidence presented at trial. In light of the fact that the jury found every issue except number six in favor of the Shackelfords, the rulings could not be prejudicial to their case.
The Shackelfords' other assignment of error attacked the judge's direction to the jury that they answer Issue # 6 in the negative as to whether the Shackelfords were purchasers for value. The trial judge apparently made this ruling based on the fact that defendants Shackelford had actual notice of this action prior to receiving and recording of their deed to crypt "D". Both parties say that the issue depends upon when defendants acquired a protected interest in the crypt.
Our recording statute, N.C.G.S. 47-18 clearly states: "(a) No (i) conveyance of land, or (ii) contract to convey ... shall be valid to pass any property interest as against ... purchasers for a valuable consideration from the ... bargainor ... but from the time of registration thereof in the county where the land lies...." North Carolina's statute creates a "race to the courthouse" to determine priority between purchasers for value from the grantor. J. Webster, Real Estate Law in North Carolina § 331 (1971). Therefore, "no notice however full or formal, will supply the want of registration of a deed" or contract to convey. Id. and cases cited therein.
Defendants Shackelford were purchasers for value as evidenced by the record, since it is undisputed that the Shackelfords paid substantial monies as a down payment. Shackelfords, by recording their deed from Pinelawn for crypt "D", gained priority under the statute over plaintiffs' unrecorded contract to convey. N.C.G.S. 47-18(a); Henry v. Shore, 18 N.C.App. 463, 197 S.E.2d 270 (1973). The Shackelfords were entitled to a directed verdict in their favor on Issue # 6 in light of the statute, thus, the trial court erred in answering that issue in plaintiffs' favor.
For the reasons discussed above: the judgment as to the Shackelfords is reversed, the judgment as to the punitive damages against defendant Pinelawn is affirmed, and otherwise as to Pinelawn the judgment is vacated and remanded to the trial court for entry of judgment of compensatory damages for the money paid by plaintiffs to defendant Pinelawn pursuant to the contract to purchase plus the $100 awarded by the jury.
No error in part.
Reversed and remanded in part.
HARRY C. MARTIN and HILL, JJ., concur.