PINEWOOD MANOR MOBILE HOMES, INC. v. NORTH CAROLINA MANU-
FACTURED HOUSING BOARD

No. 8613SC662

(Filed 3 March 1987)

**Administrative Law § 5— appeal from ruling of administrative board—proper
county for filing petition**

   The trial court properly granted respondent's motion to dismiss the petition for review of two administrative rulings by respondent on the ground that the court lacked subject matter jurisdiction where N.C.G.S. § 150A-45 provided that the person seeking review must file a petition in the Superior Court of Wake County; that statute was rewritten and became N.C.G.S. § 150B-45, providing that a petition for review could be filed either in the Superior Court of Wake County or in the superior court of the county where the petitioner resided; N.C.G.S. § 150B-45 was not to affect contested cases commenced before 1 January 1986; both the complaints and the notices of hearing in this case were filed prior to 1 January 1986, and the case was therefore commenced prior to 1 January 1986; and the Superior Court of Columbus County was therefore without jurisdiction.

APPEAL by petitioner from *Clark, Judge.* Order entered 7 April 1986 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 9 December 1986.

Pinewood Manor Mobile Homes, Inc. v. N.C. Manufactured Housing Bd.

Petitioner, Pinewood Manor Mobile Homes, Inc. (Pinewood), filed a petition for review in the Superior Court of Columbus County for review of two administrative rulings of the North Carolina Manufactured Housing Board (the Board). These rulings found Pinewood in violation of N.C.G.S. § 143-143.20 for misrepresenting the length of a mobile home that it sold and in violation of N.C.G.S. § 143-143.13(8) for failing to appear before the Board upon due notice of a hearing. The rulings were issued on 16 January 1986 and 5 March 1986, but both resulted from contested cases commenced prior to 1 January 1986.

The Board filed a motion to dismiss the petition for review pursuant to N.C.G.S. § 150A, on the ground that the court lacked subject matter jurisdiction. The trial court granted the Board's motion. From this decision, petitioner appeals.

*Ralph G. Jorgensen, attorney for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Angeline M. Maletto, attorney for respondent appellee.*

ORR, Judge.

Petitioner contends that the trial court erred in granting the Board's motion to dismiss pursuant to the provisions of N.C.G.S. § 150A. We do not agree.

N.C.G.S. § 150A-45 of the Administrative Procedure Act provides that "[i]n order to obtain judicial review of a final agency decision under this Chapter, the person seeking review must file a petition in the Superior Court of Wake County . . . ." N.C.G.S. § 150A-45 was rewritten and became N.C.G.S. § 150B-45 in 1985. N.C.G.S. § 150B-45 allows a person seeking review of an administrative decision to file a petition either "in the Superior Court of Wake County or in the superior court of the county where the petitioner resides." However, 1985 N.C. Sess. Laws ch. 746, § 19 provides that N.C.G.S. § 150B "shall not affect contested cases commenced before January 1, 1986."

Petitioner maintains that no contest existed prior to 1 January 1986 and therefore N.C.G.S. § 150B should apply. However, both the complaints and the notices of hearing were filed prior to 1 January 1986. While N.C.G.S. § 150A is silent as to the time of commencement of an action, under Rule 3 of the North

Carolina Rules of Civil Procedure, a case begins with the filing of a complaint and issuance of a notice of hearing to the affected parties. In *Ready Mix Concrete v. Sales Corp.*, 36 N.C. App. 778, 245 S.E. 2d 234 (1978), this Court stated that "[u]nder G.S. 1A-1, Rule 3, an action is commenced when a complaint is filed or when a summons is issued." 36 N.C. App. at 780, 245 S.E. 2d at 235. Therefore, by analogizing the Administrative Procedure Act to the North Carolina Rules of Civil Procedure, the case was commenced prior to 1 January 1986.

We find that N.C.G.S. § 150B has no application in this case, as the action was clearly commenced before 1 January 1986. The decision below should be affirmed.

Affirmed.

Judges ARNOLD and PHILLIPS concur.