MARY COLLINS v. NANCY HAMILTON EDWARDS

No. 819SC175

(Filed 6 October 1981)

**Actions § 10— commencement of action—summons not signed**
Plaintiff's original action arising out of an automobile accident was never commenced by the issuance of summons and an order extending time for filing complaint pursuant to G.S. 1A-1, Rule 3 where the summons was not signed by anyone, and plaintiff's subsequent action filed after plaintiff purportedly took a voluntary dismissal of the original action and after the statute of limitations had expired was properly dismissed by the trial court.

APPEAL by plaintiff from *McKinnon, Judge*. Judgment entered 9 October 1980 in Superior Court, VANCE County. Heard in the Court of Appeals 17 September 1981.

This is a civil action wherein plaintiff seeks to recover damages for personal injuries allegedly resulting from an automobile accident on 21 September 1973.

The record on appeal discloses, among other things, the following: (1) an application for an order extending time to file complaint signed by the plaintiff and plaintiff's attorney wherein plaintiff stated that her cause of action was "[t]o recover for personal injuries suffered in automobile collision on or about September 21, 1973;" (2) an order signed by the Clerk of the Superior Court extending the time for filing complaint to 11 October 1976; (3) a civil summons "filled in" but not signed by anyone.

On 23 October 1978, the plaintiff voluntarily dismissed her action against the defendant, and purportedly refiled the action on 13 November 1979.

On 9 October 1980 Judge McKinnon allowed defendant's Rule 12(b) motion to dismiss. Plaintiff appealed.

*Harvey D. Jackson, for plaintiff appellant.*

*Haywood, Denny & Miller, by Charles H. Hobgood, for defendant appellee.*

HEDRICK, Judge.

The one question presented on this appeal is whether Judge McKinnon erred in allowing defendant's Rule 12(b) motion to dismiss and in dismissing plaintiff's claim with prejudice.

A motion to dismiss will be allowed if a complaint is clearly without merit; this lack of merit may consist in an absence of law to support a claim, or in the disclosure of some fact that will necessarily defeat the claim, *F.D.I.C. v. Loft Apartments Ltd. Partnership*, 39 N.C. App. 473, 250 S.E. 2d 693 (1979), or when the complaint shows on its face that there is an *insurmountable bar*.

The Statute of Limitations can be raised on a Rule 12(b)(6) motion

[w]hen the complaint discloses on its face that plaintiff's claim is barred by the statute of limitations, such defect may be taken advantage of by a motion to dismiss under Rule 12(b)(6). *Travis v. McLaughlin,* 29 N.C. App. 389, 224 S.E. 2d 243, *cert. denied,* 290 N.C. 555, 226 S.E. 2d 513 (1976); *Teague v. Asheboro Motor Co.,* 14 N.C. App. 736, 189 S.E. 2d 671 (1972); Wright & Miller, *Federal Practice and Procedure: Civil* § 1357, at 608 (1969).

*F.D.I.C. v. Loft Apartments Ltd. Partnership, supra* at 475, 250 S.E. 2d at 694-95.

An action for damages for personal injuries arising out of an automobile accident must be commenced within three years of the date of occurrence of such accident. G.S. §§ 1-15(a), 1-46, 1-52(5). A civil action may be commenced

by the issuance of a summons when

(1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and

(2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

G.S. § 1A-1, Rule 3 (1969). Furthermore, "[a] summons is issued when, after being filled out and dated, it is signed by the officer having authority to do so." G.S. § 1A-1, Rule 4 (1969); *see also* 1 McIntosh, North Carolina Practice and Procedure § 863 (Supp. 1970).

In the present case, the record discloses that the summons was never *issued.* Plaintiff, in her brief, states the following:

Also in the court file of this case is a Civil Summons to be served with Order Extending Time, which bears the date of September 21, 1976. It bears no signature for the plaintiff's attorney and it bears no signature of the clerk or any deputy clerk. The sheriff's return section is not filled in.

We think it is clear the summons was not issued on 21 September 1976, and thus the action was never commenced. The record discloses that plaintiff's claim is barred by the three year

statute of limitations. It is not necessary, therefore, that we discuss the other possible grounds supporting Judge McKinnon's order dismissing the action, nor is it necessary that we discuss the fact that the plaintiff took a voluntary dismissal and purportedly refiled her claim within one year thereof, since Rule 41 does not breathe life into an action already barred by the statute of limitations. *Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorp Sales Corp.*, 36 N.C. App. 778, 245 S.E. 2d 234 (1978). The order appealed from is

Affirmed.

Judges HILL and WHICHARD concur.