WILLIAM HOWARD LONG v. CAROLYN P. FINK AND BRUCE NELSON FINK

No. 8526SC874

(Filed 6 May 1986)

**Rules of Civil Procedure § 41; Limitation of Actions § 12— voluntary dismissal without prejudice — statute of limitations runs out — summary judgment for defendants proper**

    Summary judgment was properly granted in favor of defendants in an action arising from an automobile accident where the action was commenced on the last day before being barred by the statute of limitations; more than 90 days went by without defendant being served or plaintiff obtaining an endorsement or alias or pluries summons; a voluntary dismissal without prejudice was taken and the order specified that plaintiff could refile within one year of the order; plaintiff refiled within one year; and defendants alleged that the action was barred by the statute of limitations. The failure to obtain service, an endorsement, or an alias or pluries summons effected a discontinuance of the action under Rule 4(e) of the North Carolina Rules of Civil Procedure; the statute of limitations thereafter immediately ran its course; and the voluntary dismissal allowing plaintiff another year within which to refile the action was nugatory. N.C. Rules of App. Procedure Rule 2, N.C.G.S. 1-15(a), 1-46 and 1-52(5), N.C. Rules Civ. P. Rule 41.

APPEAL by plaintiff from *Burroughs, Judge.* Judgment entered 1 April 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 January 1986.

Plaintiff filed a complaint and had a summons issued on 1 August 1979 regarding a collision that occurred on 1 August 1976 between the vehicle driven by defendant Carolyn P. Fink and the motorcycle driven by plaintiff. That complaint (79CVS8081 — hereinafter Long I) is not the basis of this appeal. Service of process

was not obtained in that action; the clerk did not endorse the summons; alias and pluries summons were not issued. On 16 May 1980, an order in that action was filed, allowing plaintiff's attorney to withdraw. On 19 May 1980, the court, on its own motion, ordered a voluntary dismissal of Long I without prejudice. This order specified plaintiff could "refile within one (1) year of the date of this order." The subject of this appeal (81CVS5082 — hereinafter Long II) was commenced 15 May 1981, within the one year limitations specified in the order of voluntary dismissal of Long I and was based on the same action as Long I. Defendants answered, alleging, *inter alia*, that this action instituted by plaintiff was barred by the applicable statute of limitations. Concomitantly, defendants moved the court to dismiss the action for failure to state a claim upon which relief could be granted. On 25 February 1982, Superior Court Judge William T. Grist allowed defendants' motion and dismissed Long II, concluding that the statute of limitations had run prior to the commencement of Long II. On 2 February 1984, almost two years later, plaintiff moved the court to set aside the order of dismissal of Long II pursuant to Rule 60(b)(6), N.C. Rules Civ. P. On 3 April 1984, Judge Grist, who had previously dismissed the action on 25 February 1982, granted plaintiff's motion to set aside the order of dismissal and ordered "the file of this action [Long II] be placed in 'open' status." Almost one year later, defendants filed a motion for summary judgment, supported by an affidavit by defendants' attorney relating the procedural history of both Long I and Long II. Plaintiff filed an affidavit by his attorney in opposition to summary judgment. On 1 April 1985, Superior Court Judge Robert M. Burroughs granted summary judgment in favor of defendants, concluding plaintiff's claim was barred by the applicable statute of limitations. Plaintiff appeals.

*Williams and Ward, P.A., by Robert L. Ward, for plaintiff appellant.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Mel J. Garofalo, for defendant appellees.*

JOHNSON, Judge.

Plaintiff's sole Assignment of Error is based upon two exceptions taken to the 1 April 1985 order of summary judgment in

favor of defendants signed by Judge Burroughs. In order to pre-
vent manifest injustice we invoke Rule 2 of the North Carolina
Rules of Appellate Procedure and expand our review, ordinarily
confined to consideration of only exceptions and assignments of
error taken, to extend consideration to the whole record before
us. Rule 2, Rule 10(a), N.C. Rules App. P.

The record reveals that procedural errors were made by both
parties. We note that plaintiff could have appealed the ruling on
the voluntary dismissal of Long I, although appeal at that stage
was not mandatory. *West v. G. D. Reddick, Inc.*, 38 N.C. App. 370,
248 S.E. 2d 112 (1978). Plaintiff should have appealed the 25 Feb-
ruary 1982 order of dismissal of Long II signed by Judge Grist,
rather than move to have that order set aside pursuant to Rule
60(b), N.C. Rules Civ. P. Erroneous judgments may be corrected
only by appeal; a motion under Rule 60 cannot be a substitute for
appellate review. *Town of Sylva v. Gibson*, 51 N.C. App. 545, 277
S.E. 2d 115, *appeal dismissed and cert. denied*, 303 N.C. 319, 281
S.E. 2d 659 (1981). Further, rather than defendants' subsequent
move for summary judgment, they should have appealed the or-
der of 3 April 1984, which set aside the order of dismissal. The
motion for dismissal of Long II pursuant to Rule 12(b)(6) took into
consideration matters outside the complaint, namely the entire
record in Long I; therefore, the 12(b)(6) motion was converted to a
motion for summary judgment, *Kessing v. National Mtg. Corp.*,
278 N.C. 523, 180 S.E. 2d 823 (1971), with the result that the
subsequent summary judgment motion by defendant was improp-
erly taken. To allow an unending series of motions for summary
judgment would defeat the purpose of summary judgment pro-
cedure. *Am. Travel Corp. v. Central Carolina Bank & Trust Co.*,
57 N.C. App. 437, 440, 291 S.E. 2d 892, 894, *disc. rev. denied*, 306
N.C. 555, 294 S.E. 2d 369 (1982). Each party needlessly con-
tributed to the creation of a procedural tangle.

Now we will address the determinative issue on this appeal,
that is, whether Judge Grist erred in allowing defendants' Rule
12(b)(6) motion, dismissing plaintiff's claim with prejudice. A
statute of limitations can be the basis for dismissal on a Rule
12(b)(6) motion if the face of the complaint discloses that plaintiff's
claim is so barred. *Collins v. Edwards*, 54 N.C. App. 180, 282 S.E.
2d 559 (1981). An action for damages for personal injury arising
out of an accident between two vehicles must be commenced with-

in three years of the date on which the accident occurred. G.S. 1-15(a), 1-46, 1-52(5).

In the case *sub judice*, the record shows that plaintiff commenced Long I on 1 August 1979. The cause of action accrued 1 August 1976, hence 1 August 1979, the date of filing, was the last day the action arising out of this accident could be commenced before being barred by the applicable statute of limitations. Plaintiff commenced Long I by filing a complaint with the court in accordance with Rule 3, N.C. Rules Civ. P.

While the statute of limitations is tolled when suit is *properly* instituted, and it stays tolled as long as the action is alive, the tolling stops if the suit is discontinued by operation of law because of the plaintiff's failure to keep the action alive in an authorized manner after the original summons has lost its efficacy by not being served within the time allowed. *Ready Mix Concrete v. Thorp Sales Corp.*, 36 N.C. App. 778, 245 S.E. 2d 234 (1978). Under the provisions of Rule 4(d), N.C. Rules Civ. P., "[w]hen any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant" by either obtaining an endorsement upon the original summons extending the time within which to accomplish service or by suing out an alias or pluries summons, as therein provided. Thus, though Long I was properly instituted on 1 August 1979, the record shows that more than ninety days thereafter went by without defendant being served and without plaintiff either obtaining an endorsement upon the original summons or suing out an alias or pluries summons. These failures effected a discontinuance of the case under the express provisions of Rule 4(e), N.C. Rules Civ. P., which reads as follows:

When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d) [90 days], the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement.

Plaintiff contends that the 19 May 1980 order of voluntary dismissal of Long I without prejudice pursuant to Rule 41(a)(2),

N.C. Rules Civ. P., "gives the judge the power to reinstate the case under certain circumstances." Plaintiff argues that by specifying in the 19 May 1980 order of voluntary dismissal that the action could be refiled within one year, the judge invoked his discretionary power to override the effect of Rule 4(e), N.C. Rules Civ. P. Plaintiff, in so arguing, relies upon *Gower v. Aetna Insurance Company*, 13 N.C. App. 368, 185 S.E. 2d 722, *aff'd*, 281 N.C. 577, 189 S.E. 2d 165 (1972). Plaintiff's reliance on *Gower* is misplaced. Since *Gower*, this Court has specifically held that *Gower* does not stand for the proposition that plaintiff may be given the opportunity under Rule 41 to refile a new action within a specified time period where the previous action is barred by the statute of limitations. *Ready Mix Concrete, supra*, at 782, 245 S.E. 2d at 237. "Rule 41 does not breathe life into an action already barred by the statute of limitations." *Collins v. Edwards, supra*, at 183, 282 S.E. 2d at 560.

The action having been discontinued by operation of law on 30 October 1979, the statute of limitations having thereafter immediately run its remaining course, the judge's order of voluntary dismissal on 19 May 1980 allowing plaintiff another year within which to refile the action was nugatory. For the reasons set forth above the order appealed from in Long II granting summary judgment in favor of defendants is

Affirmed.

Judges WEBB and PHILLIPS concur.