SHILOH METHODIST CHURCH v. KEEVER HEATING & COOLING

[127 N.C. App. 619 (1997)]

SHILOH METHODIST CHURCH, Plaintiff v. KEEVER HEATING & COOLING CO.,
Defendant

No. COA97-85

(Filed 4 November 1997)

**1. Process and Service § 39 (NCI4th)— summons—initial service returned unserved—service within 30 days by certified mail—no endorsement or alias**

The trial court erred by granting summary judgment for defendant based on an improper service of process and the running of the statute of limitations where the summons was issued on 8 October 1992; the initial summons was returned unserved; plaintiff served defendant by certified mail with a copy of the summons and complaint on 28 October 1992; defendant asserted the defense of improper service because there was no endorsement or alias or pluries summons; and plaintiff's subsequent service was beyond the three year statute of limitations. The service was by certified mail within thirty days of the issuance of the summons and was in accord with N.C.G.S. § 1A-1, Rule 4. The fact that there was a prior unsuccessful attempt at service is simply not material.

**2. Courts § 74 (NCI4th)— service of process—motion to dismiss—denied by one judge—summary judgment—granted by another**

The Court of Appeals agreed with plaintiff's alternative argument for reversing a summary judgment for defendant based on improper service and the running of the statute of limitations where another judge had denied the defense of improper service of process, treating it as a motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6). Both judges considered only the pleadings and summonses and the second effectively overruled the first.

Judge JOHN concurring in the result.

Appeal by plaintiff from order dated 30 September 1996 by Judge Ronald E. Bogle in Catawba County Superior Court. Heard in the Court of Appeals 17 September 1997.

*Golding, Meekins, Holden, Cosper & Stiles, L.L.P., by Lane Matthews, for plaintiff appellant.*

*Patrick, Harper & Dixon L.L.P., by David W. Hood, for defendant appellee.*

GREENE, Judge.

Shiloh Methodist Church (plaintiff) appeals from an order granting Keever Heating and Cooling Co.'s (defendant) motion for summary judgment.

The relevant facts are as follows: On 8 October 1992, plaintiff filed a complaint alleging negligence (occurring in January 1991) on the part of the defendant. The clerk of court issued a summons to the defendant on 8 October 1992, the same day the complaint was filed. The defendant's principal place of business was in Taylorsville, Alexander County, North Carolina, but the summons was mistakenly sent to the Sheriff of Catawba County for service. The summons was returned unserved by the Sheriff of Catawba County on 12 October 1992 and placed in the court file. Instead of having an additional summons issued, the plaintiff served a copy of that summons (yellow in color) on the defendant along with the complaint by certified mail on 28 October 1992. An affidavit of service by certified mail was filed with the clerk of court on 4 November 1992 indicating that service had been achieved on 28 October 1992. On 18 December 1992 the defendant filed its answer to the complaint denying negligence and asserting the affirmative defense of improper service of process. On 11 April 1994 the plaintiff filed a voluntary dismissal without prejudice of its complaint and refiled it exactly one year later. A new summons was issued with the filing of the new complaint. Several alias and pluries summonses were issued and personal service was obtained on the defendant on 18 July 1995. Defendant filed an answer denying negligence and asserting the defense that the complaint should be dismissed "because it was not brought within the applicable statute of limitations." In November 1995 Judge Beverly Beal (Judge Beal) denied the defendant's defense that the complaint be dismissed, treating the defense as a N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion to dismiss. In August 1996 the defendant filed a N.C. Gen. Stat. § 1A-1, Rule 56 motion for summary judgment which was granted by Judge Ronald Bogle (Judge Bogle). The basis asserted for both the Rule 56 and Rule 12(b)(6) motions was that the 28 October 1992 service of process was not valid because it was made

after the original summons was returned unserved and without an endorsement or the issuance of an alias or pluries summons. It follows, the defendant contended at trial, that because valid service did not occur until 18 July 1995, more than three years after the alleged negligent acts, the action was barred by the applicable three-year statute of limitations.

[1] The dispositive issue is whether a successful service of process occurring within thirty days after issuance of a summons is valid (in the absence of an endorsement, alias summons or pluries summons) if there has been a prior unsuccessful attempt at serving that same summons.

In this case there is no dispute among the parties, and we agree, that if service on the defendant on 28 October 1992 (by certified mail) was not valid, the plaintiff's claim is barred by the statute of limitations. This is so because the service on the defendant occurring on 18 July 1995 is beyond the three-year statute of limitations applicable to this case, N.C.G.S. § 1-52(16) (1996), and a N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) refiling (after a voluntary dismissal without prejudice) "does not breathe life into an action already barred by the statute of limitations." *Long v. Fink*, 80 N.C. App. 482, 486, 342 S.E.2d 557, 560 (1986) (quoting *Collins v. Edwards*, 54 N.C. App. 180, 183, 282 S.E.2d 559, 560 (1981)); N.C.G.S. § 1A-1, Rule 41(a)(1) (1990).

The parties do dispute whether the 28 October 1992 service was valid. The defendant argues that a summons "becomes dormant and unservable" once service of that summons is unsuccessfully attempted unless an endorsement or alias (or pluries) summons is timely issued. The plaintiff contends that any service consistent with N.C. Gen. Stat. § 1A-1, Rule 4(j) is valid provided it occurs within thirty days after the issuance of the summons, even if there are multiple attempts during that period of time and even though there is no endorsement or alias (or pluries) summons. We agree with the plaintiff.

As a general rule, personal or substituted service of a summons (in accordance with Rule 4(j)) "must be made within 30 days after the date of the issuance of [the] summons . . . ." N.C.G.S. § 1A-1, Rule 4(c) (Supp. 1996) (sixty days allowed for service of summons for tax and assessment foreclosures). If the summons is not served within thirty days after its issuance, it becomes "dormant" and cannot effect service except that it be revived or "continued" by either "an endorsement upon the original summons . . . or . . . an alias or pluries sum-

mons . . . ." N.C.G.S. § 1A-1, Rule 4(d); *County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 157-8, 323 S.E.2d 458, 461 (1984). If service of a summons is not had within the first thirty days after its issuance or revived pursuant to Rule 4(d) within the next sixty days the "action is discontinued." N.C.G.S. § 1A-1, Rule 4(e); *Whitley*, 72 N.C. App. at 158, 323 S.E.2d at 461. If an action is discontinued and a new summons is later issued, a new action is begun on the date of the new summons and the statute of limitations is measured from the date of the new summons issue date. N.C.G.S. § 1A-1, Rule 4(e); *Whitley*, 72 N.C. App. at 158, 323 S.E.2d at 461; *Morton v. Insurance Co.*, 250 N.C. 722, 725, 110 S.E.2d 330, 332 (1959) ("The real purpose of the provisions of the law with respect to keeping up the chain of summonses is to maintain the original date of the commencement of the action . . . .") (citation omitted).

In this case, the summons and complaint were served by certified mail within thirty days after the issuance of the summons. Service by certified mail is a service recognized by our Rules. N.C.G.S. § 1A-1, Rule 4(j)(1)(c). The fact that there was a prior unsuccessful attempt at service of the summons is simply not material. The service was thus in accordance with Rule 4 and therefore valid. Judge Bogle erred in granting summary judgment for the defendant on this basis.[1]

Reversed and remanded.

Judge TIMMONS-GOODSON concurs.

Judge JOHN concurs in the result with separate opinion.

Judge JOHN concurring in the result.

As the majority properly observes in footnote number one, Judge Bogle's grant of summary judgment to defendant on the basis of improper service of process effectively overruled the previous ruling of Judge Beal. It is well established that one superior court judge may not overrule another. *Calloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). On this basis, I vote to reverse Judge Bogle's entry of summary judgment and concur in the result reached by the majority.

---

**[2]** 1. The plaintiff asserts an alternative argument for reversing the summary judgment entered by Judge Bogle. It argues that Judge Bogle was without authority to grant summary judgment for the defendant on the same grounds that Judge Beal denied the defendant's motion to dismiss. We agree. The record reveals that both

judges considered only the pleadings and summonses. *See* 5A Wright and Miller,
*Federal Practice and Procedure* § 1357 at 299 (2d ed. 1990) (in considering Rule
12(b)(6) motion trial court may consider pleadings *and* other "items appearing in the
record of the case . . . .") (emphasis added). Accordingly, Judge Bogle effectively over-
ruled Judge Beal and he did not have jurisdiction to do so. *Calloway v. Motor Co.*, 281
N.C. 496, 501, 189 S.E.2d 484, 488 (1972).