CHATEAU MERISIER, INC., Plaintiff v. LE MUEBLE ARTISANAL GEKA, S.A., DOMINIQUE MERCIER, and GASTON MAULIN, Defendants

No. COA00-360

(Filed 3 April 2001)

**1. Process and Service— failure to serve within thirty days— new summons issued—jurisdiction proper**

The trial court properly denied defendant's motion to dismiss for lack of jurisdiction based on an alleged improper service of process under N.C.G.S. § 1A-1, Rule 4(c) and (d), because: (1) the original summons was issued on 12 February 1997, was not served within thirty days, and plaintiff did not seek an endorsement or an alias or pluries summons within 90 days; and (2) plaintiff's election to issue a new summons whereby plaintiff's action was deemed to have begun on 22 July 1997 meant the summons was properly issued on that date.

**2. Discovery— sanctions—failure to serve answers or objections to interrogatories—failure to serve written responses to request for production**

The trial court did not abuse its discretion by awarding sanctions under N.C.G.S. § 1A-1, Rule 37(d) based on defendant's failure to serve answers or objections to interrogatories or to serve written responses to a request for production under N.C.G.S. § 1A-1, Rule 34 even though defendant alleges the trial court failed to consider less severe sanctions, because it is apparent the trial court considered all available sanctions before entering its order when the trial court did not impose the more severe sanctions requested by plaintiff.

Appeal by defendant Le Mueble Artisanal GEKA, S.A. (GEKA) from judgment entered 5 October 1999 by Judge James M. Webb and filed 8 October 1999 in Guilford County Superior Court. Heard in the Court of Appeals 26 January 2001.

*Richard M. Greene for plaintiff-appellee.*

*Stephen E. Lawing for defendant-appellant.*

**CHATEAU MERISIER, INC. v. LE MUEBLE ARTISANAL GEKA, S.A.**

[142 N.C. App. 684 (2001)]

WALKER, Judge.

Plaintiff is engaged in importing and selling furniture to wholesalers and showrooms. Defendant GEKA is a French company which manufactures furniture in France and distributes its product in the United States. Plaintiff alleges GEKA terminated its distributorship agreement with plaintiff in order to avoid paying commissions on furniture sales for which plaintiff had solicited customers. On 12 February 1997, plaintiff filed a complaint which included claims for breach of contract, quantum meruit, unfair and deceptive trade practices and an accounting. Plaintiff has filed a voluntary dismissal as to defendants Mercier and Maulin.

During the course of discovery, plaintiff alleges that GEKA repeatedly failed to disclose information and documents requested in interrogatories and requests for the production of documents. Plaintiff filed a motion for sanctions on 10 September 1999. The findings of the trial court can be summarized as follows: Plaintiff filed its first set of interrogatories and first request for production of documents on 1 October 1997. GEKA was requested to provide information and documents relating to its sales to Masco Corporation, Beacon Hill, or any of their associates or subsidiaries. GEKA answered the interrogatories and provided the documents requested after a protective order was entered. However, no information regarding sales to Intro-Europe, a subsidiary of Masco Corporation and affiliate of Beacon Hill, was provided. Plaintiff notified GEKA that the documents provided were incomplete and gave GEKA two weeks to produce additional documents. On 8 October 1998, GEKA supplemented its answers; however, no information was provided concerning Intro-Europe.

Further, in April 1999, two officials of Beacon Hill admitted in depositions that GEKA had sold furniture to Intro-Europe. Plaintiff then filed its second set of interrogatories and request for production of documents requesting specific information in regard to GEKA's sale of furniture to Intro-Europe. GEKA answered plaintiff's interrogatories on 25 August 1999 but failed to respond to plaintiff's request for production of documents. As a result of GEKA's failure to comply with discovery, the plaintiff's third motion for sanctions was granted in part and denied in part. The trial court ordered that GEKA's answer be stricken, that it pay attorney's fees in the amount of $1,970.00 and that a default judgment be entered in favor of plaintiff as to the issues of .breach of contract and quantum meruit. However, the trial court denied plaintiff's motion for sanctions "as to all damage issues."

**[1]** In its first assignment of error, GEKA contends the trial court lacked jurisdiction because it was not properly served with a summons. The original summons was issued on 12 February 1997, when the complaint was filed; however, the summons was never served and, on 22 July 1997, a second summons was issued and served on GEKA's registered agent. GEKA moved to dismiss for lack of jurisdiction which was denied by the trial court on 9 August 1999. GEKA asserts that plaintiff's failure to comply with the requirements of Rule 4(d) of the N.C. Rules of Civil Procedure rendered the summons invalid and thus did not confer jurisdiction over GEKA.

Service of a summons must be made "within 30 days after the date of the issuance of the summons." N.C.R. Civ. P. 4(c) (1999). If service is not completed within that time it becomes "dormant." Thereafter, the action may be revived or "continued in existence" by either securing an endorsement of the original summons or issuing an alias or pluries summons within ninety days. N.C.R. Civ. P. 4(d) (1999). If the summons is not served within thirty days nor revived within ninety days, the action is discontinued. N.C.R. Civ. P. 4(e) (1999); *Shiloh Methodist Church v. Keever Heating & Cooling*, 127 N.C. App. 619, 621, 492 S.E.2d 380, 382 (1997); *County of Wayne v. Whitley*, 72 N.C. App. 155, 323 S.E.2d 458 (1984). If an action is discontinued, a new summons may be issued; however, the action is deemed to have commenced on this later date. *Shiloh* at 622, 492 S.E.2d at 382. Nevertheless, GEKA contends that under this Court's ruling in *Integon General Ins. Co v. Martin*, 127 N.C. App. 440, 490 S.E.2d 242 (1997), the plaintiff was required to seek an extension of the original summons. However, *Integon* is distinguishable. There, second, third and fourth summonses were issued, each within ninety days of the preceding summons. However, none of these summonses was indicated as alias or pluries summonses and each failed to reference the original summons. This Court held that these omissions broke the "chain of custody" required to continue the original action and that the service of the fourth summons had the "double effect of initiating a new action and discontinuing the original one." *Integon* at 441, 490 S.E.2d at 244.

In the case at bar, the original summons was issued on 12 February 1997 and was not served within thirty days. Thereafter, plaintiff did not seek an endorsement nor an alias or pluries summons within ninety days. Rather, plaintiff elected to issue a new summons whereby plaintiff's action was deemed to have begun on 22 July 1997, the date it was issued. The trial court properly denied GEKA's motion to dismiss for lack of jurisdiction.

**[2]** GEKA next contends the trial court erred in that it awarded sanctions without considering less severe sanctions. When a party fails to serve answers or objections to interrogatories or to serve written responses to a request for production under Rule 34, the trial court is authorized to "make such orders in regard to the failure as are just" which include imposition of sanctions. N.C.R. Civ. P. 37(d) (1999). Permissible sanctions under Rule 37 include striking a party's pleadings, rendering a default judgment and requiring a party to pay reasonable attorney's fees caused by its failure. "Sanctions under Rule 37 are within the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that discretion." *Hursey v. Homes By Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995). The trial court may be reversed for abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

GEKA does not dispute the authority of the trial court to impose sanctions in accordance with Rule 37. However, it argues that the trial court must consider less severe sanctions before striking a party's pleadings. *See Cheek v. Poole*, 121 N.C. App. 370, 465 S.E.2d 561 (1996); *Goss v. Battle*, 111 N.C. App. 173, 432 S.E.2d 156 (1993). GEKA asserts that there is nothing in the record or in the order to indicate the trial court considered less severe sanctions; thus, the order should be vacated.

In its motion for sanctions, plaintiff requested that the trial court strike and dismiss GEKA's answer, deem the factual allegations in the complaint to be established, render a default judgment against GEKA, and require GEKA to pay expenses and attorney's fees. After a hearing, the trial court elected not to impose the more severe sanctions requested by plaintiff, but instead plaintiff's motion was "allowed in part and denied in part." The trial court ordered that GEKA's answer be stricken, that plaintiff be granted a default judgment on its first and second claims, and that GEKA pay expenses and attorney's fees. The trial court explicitly denied plaintiff's motion for sanctions as to "all damage issues." Here, the transcript of the hearing reveals that plaintiff requested more severe sanctions while GEKA argued that it should not be sanctioned. The trial court allowed plaintiff's request in part. Thus, it is apparent that the trial court considered all available sanctions before entering its order. *See Hursey v. Homes By Design*, 121 N.C. App. 175, 464 S.E.2d 504 (1995). We conclude the trial court did not abuse its discretion in imposing sanctions in light of GEKA's actions in this case.

Affirmed.

Judges HUNTER and CAMPBELL concur.