652 S.E.2d 56 (2007)
In re D.B., C.B.
No. COA06-1426-2.
Court of Appeals of North Carolina.
November 6, 2007.
Janet K. Ledbetter, Hillsborough, for respondent-father appellant.
Katharine Chester, Siler City, for respondent-mother appellant.
Staff Attorney Elizabeth Kennedy-Gurnee, Fayetteville, for Cumberland County Department of Social Services appellee.
Attorney Advocate Beth A. Hall, Fayetteville, for Guardian ad Litem.
McCULLOUGH, Judge.
Respondents appeal the trial court's order terminating their parental rights.
On 30 September 2004, a petition to terminate respondents' parental rights as to C.B. and D.B. was filed in Cumberland County District Court. The respondents stipulated that the minor children were neglected at the time of the filing of the verified petition based on domestic violence problems between respondents and that C.B. and D.B. were adjudicated neglected on 31 March 2003. The petition further stated that respondents failed to alleviate the conditions which led to removal, failed to comply with the Family Services Case Plan, and that respondents' rights as to the juveniles should be terminated.
A hearing was held on the petition to terminate respondents' parental rights on 14 December 2005, and the court thereafter entered an order terminating the parental rights of respondents on 9 January 2006. From entry of this order, respondents appeal.
Respondent-mother and respondent-father contend on appeal that the lower court's order must be vacated due to lack of subject matter jurisdiction by the lower court. Specifically, respondents contend the lower court was deprived of subject matter jurisdiction because respondents were not served with valid summonses and the action was discontinued.
In the instant case, a summons was issued on 7 October 2004 as to respondent-mother and respondent-father, but it was never served upon either party. A second summons was thereafter issued on 18 October 2004 and was served on respondent-mother the same day. Respondent-mother contends that because the original summons was never served and the second summons was not issued by endorsement or as an alias and pluries summons, the action was discontinued due to failure to serve a valid summons. Therefore, the trial court lacked subject matter jurisdiction. After that time, two new *58 summons were issued as to respondent-father on 26 January 2005 and 31 January 2005, respectively. Respondent-father was served with the first summons on 30 January 2005 and the second on 31 January 2005. Respondent-father also argues that the action was discontinued due to failure to serve a valid summons, and therefore, the trial court lacked subject matter jurisdiction.
North Carolina General Statutes section 7B-1101 confers on the District Court the exclusive power to hear actions to terminate parental rights. N.C. Gen.Stat. § 7B-1101 (2005). This subject matter jurisdiction is invoked upon the filing of a verified petition. In re Triscari Children, 109 N.C.App. 285, 426 S.E.2d 435 (1993). Subject matter jurisdiction is to be distinguished from personal jurisdiction, the court's power to bind a particular party by its judgment, which, unlike subject matter jurisdiction, can be obtained by a party's "appearance and participation in the legal proceeding without raising an objection to lack of service." In re S.J.M., ___ N.C.App. ___, 645 S.E.2d 798, 802 (2007). Because respondent-mother and respondent-father appeared at the hearing held on 14 December 2005 and 15 December 2005, without raising an objection to the sufficiency of process, it is clear that the trial court had personal jurisdiction over both parties, and only subject matter jurisdiction is at issue.
While a court's subject matter jurisdiction is invoked upon the filing of a verified petition, failure to serve a valid summons in accordance with North Carolina Civil Procedure Rule 4 can divest the court of such jurisdiction. Service of process under Rule 4 is intended to provide notice of the commencement of an action and "`to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit.'" Harris v. Maready, 311 N.C. 536, 541-42, 319 S.E.2d 912, 916 (1984) (citation omitted).
Rule 4 provides that a summons is to be issued within 5 days of filing the complaint and is to be served upon a party within 60 days of its issuance. N.C. Gen.Stat. § 1A-1, Rule 4(a),(c) (2005). If a summons is not served upon a party within the time allowed, "it becomes `dormant' and cannot effect service except that it be revived or `continued' by either `an endorsement upon the original summons . . . or . . . an alias or pluries summons. . . .'" Shiloh Methodist Church v. Keever Heating & Cooling, 127 N.C.App. 619, 621, 492 S.E.2d 380, 382 (1997) (quoting N.C. Gen.Stat. § 1A-1, Rule 4(d)). If the dormant summons is not continued pursuant to Rule 4(d) within 90 days of its issuance, the original action is deemed to be discontinued as to the defendant upon which service has not been made. N.C. Gen.Stat. § 1A-1, Rule 4(e). The discontinued action is treated as if it were never filed; thus, the court's subject matter jurisdiction is no longer invoked with respect to that defendant. In re A.B.D., 173 N.C.App. 77, 85, 617 S.E.2d 707, 713 (2005).
However, the law is clear that, even where an original suit is discontinued for failure to serve a summons, the issuance of a new summons begins a new action and reinvokes subject matter jurisdiction. Stokes v. Wilson and Redding Law Firm, 72 N.C.App. 107, 111, 323 S.E.2d 470, 474 (1984) (noting that "a properly issued and served second summons can revive and commence a new action on the date of its issuance"), disc. review denied, 313 N.C. 612, 332 S.E.2d 83 (1985); see also Chateau Merisier, Inc. v. GEKA, S.A., 142 N.C.App. 684, 686, 544 S.E.2d 815, 817 (2001) (holding that where an original summons was not served within the allocated time and no endorsement nor alias and pluries summons was sought within 90 days, plaintiff's action was deemed to have begun on the date at which a new summons was issued). Likewise, even where a summons is not yet dormant, the issuance of a new summons without reference to the original summons discontinues the original action and initiates a new one. Integon Gen. Ins. Co. v. Martin, 127 N.C.App. 440, 490 S.E.2d 242 (1997); Mintz v. Frink, 217 N.C. 101, 6 S.E.2d 804 (1940).
Respondents contend that the action was discontinued because the original summons, which was issued within 5 days of the filing of the petition, was not served upon the parties, and there was no extension given by way of endorsement or alias and pluries summons *59 pursuant to Rule 4(d). While it is true that the original summons was not served within 60 days nor was an extension of time granted, a new valid summons was issued as to both respondents and likewise served upon them. A second summons was issued and served upon respondent-mother on 18 October 2004, within 60 days of the issuance of the original summons. While the original summons was not yet dormant, because the second summons did not conform with the requirements of Rule 4(d), the original action was discontinued, and the trial court's subject matter jurisdiction was reinvoked as of 18 October 2004.
Respondent-father was issued and served with two valid summons, issued on 26 January 2005 and 31 January 2005, respectively. Though each was issued more than 90 days after the issuance of the original summons, at which time the action was discontinued with respect to respondent-father under Rule 4(e), each new issuance is deemed to revive the action as of the respective date of issuance. The 31 January 2005 summons discontinued the action revived by the 26 January 2005 issuance and commenced a new action against respondent-father as of 31 January 2005. Because both respondents were properly served with newly issued summons, commencing new actions and reinvoking the trial court's subject matter jurisdiction as of their respective dates of issuance, the contention that the court lacked subject matter jurisdiction over the parties due to ineffective service is without merit.
Respondents further contend the trial court erred in failing to hold a timely hearing on the petition to terminate respondents' parental rights in violation of N.C. Gen.Stat. § 7B-1109(a) (2005).
The North Carolina General Statutes set forth that a hearing on the termination of parental rights shall be held no later than 90 days from the filing of the petition to terminate such rights. N.C. Gen.Stat. § 7B-1109(a). This Court has held that the failure of the trial court to enter a termination order within the time standards in N.C. Gen.Stat. § 7B-1109(e) constitutes reversible error where the appellant demonstrates prejudice as a result of the delay. See In re P.L.P., 173 N.C.App. 1, 7, 618 S.E.2d 241, 245 (2005), aff'd, 360 N.C. 360, 625 S.E.2d 779 (2006). This Court has extended the reasoning regarding failure to enter a timely order to the failure to hold the termination hearing within the time period set forth in N.C. Gen.Stat. § 7B-1109(a). In re S.W., 175 N.C.App. 719, 722, 625 S.E.2d 594, 596, disc. review denied, 360 N.C. 534, 635 S.E.2d 59 (2006).
Where there does not appear to be a clear articulation by this Court as to the standard by which prejudice should be measured, we adopt the reasoning set forth in Judge Levinson's concurrence in In re J.N.S., ___ N.C.App. ___, ___, 637 S.E.2d 914, 917-19 (2006), by which this Court must determine "whether the error in question had a probable impact on the outcome of the proceeding." Id. at ___, 637 S.E.2d at 917. Such standard for determining prejudice has been articulated by this Court in criminal and civil cases alike, and we have opined that "judgment should not be reversed because of a technical error which did not affect the outcome at trial. The test for granting a new trial is whether there is a reasonable probability that at the new trial the result would be different." Lewis v. Carolina Squire, Inc., 91 N.C.App. 588, 595-96, 372 S.E.2d 882, 887 (1988) (citation omitted).
The contentions by respondents on appeal amount to nothing more than boilerplate assertions used by numerous respondents attempting to show prejudice from temporal delay regarding termination of parental rights including an inability to file an appeal and the lack of permanency for the parties involved. Such assertions are insufficient to warrant a showing of prejudice. Further, the record is devoid of any evidence showing that but for the delay in holding the hearing, the result of the hearing on the petition to terminate parental rights would have been different. Therefore, the corresponding assignments of error are overruled.
Respondent-mother further contends that the trial court erred in terminating her parental rights where there was insufficient evidence to support the findings of fact and the findings fail to support the conclusions of law.
*60 Termination of parental rights involves a two-stage process. In re Blackburn, 142 N.C.App. 607, 610, 543 S.E.2d 906, 908 (2001). At the adjudicatory stage, "the petitioner has the burden of establishing by clear and convincing evidence that at least one of the statutory grounds listed in N.C. Gen. Stat. § 7B-1111 exists." In re Anderson, 151 N.C.App. 94, 97, 564 S.E.2d 599, 602 (2002). "If the trial court determines that grounds for termination exist, it proceeds to the dispositional stage, and must consider whether terminating parental rights is in the best interests of the child." Id. at 98, 564 S.E.2d at 602.
The trial court's decision to terminate parental rights is reviewed under an abuse of discretion standard. Id. "The standard for appellate review is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether those findings of fact support its conclusions of law." In re C.C., J.C., 173 N.C.App. 375, 380, 618 S.E.2d 813, 817 (2005). Where a trial court concludes that parental rights should be terminated pursuant to several of the statutory grounds, the order of termination will be affirmed if the court's conclusion with respect to any one of the statutory grounds is supported by valid findings of fact. In re Swisher, 74 N.C.App. 239, 240-41, 328 S.E.2d 33, 34-35 (1985).
Parental rights may be terminated under N.C. Gen.Stat. § 7B-1111 where "[t]he parent has abused or neglected the juvenile." N.C. Gen.Stat. § 7B-1111(a)(1) (2005). A neglected juvenile is defined as
[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare[.]
N.C. Gen.Stat. § 7B-101(15) (2005).
The evidence before the lower court tended to show that D.B. and C.B. came into the custody of DSS based on a referral from Cape Fear Valley Hospital where respondents engaged in a physical fight at the hospital in the middle of the hallway. The social worker testified that during the physical altercation, not only were the minor children present, but respondent-mother was holding her youngest child in her arms while fighting with respondent-father. Respondent-mother was charged and incarcerated as a result of this incident. The social worker testified that after the children were placed in the custody of DSS, a care plan was put in place to assist respondents in addressing the domestic violence between respondents. The care plan required anger management for respondent-father, RESOLVE domestic violence classes for both respondents, and individual counseling for respondent-mother to work on her self-esteem. This plan was entered into by respondent-mother; however, at the time the petition to terminate parental rights was filed on 4 October 2004, she had failed to complete the RESOLVE program. The trial court found that her failure to complete the RESOLVE program, failure to attend individual counseling, and failure to address her substance abuse issues was a willful failure to alleviate the conditions which led to the removal of her minor children. Further, respondent-mother told the social worker that in January of 2004 respondent-father tried to attack her and she then attempted to run over him with her car. Such evidence clearly supports the court's finding and conclusion that D.B. and C.B. are neglected children under N.C. Gen. Stat. § 7B-101.
Our holding with respect to this ground for termination makes it unnecessary for us to consider respondent-mother's arguments concerning the other grounds upon which their parental rights were terminated. See Swisher, 74 N.C.App. at 240-41, 328 S.E.2d at 34-35. The corresponding assignments of error are overruled.
Accordingly, the order of the trial court is affirmed.
Affirmed.
Chief Judge MARTIN concurs.
Judge TYSON dissents in a separate opinion.
*61 TYSON, Judge, dissenting.
The majority's opinion holds a second summons, issued and served without a new verified petition or complaint being filed or with a court order issued and attached to allow a delayed filing, revives and reinvokes the court's subject matter jurisdiction to decide allegations contained in a discontinued and void petition. I disagree. The original summons and verified petition was not served on respondents within sixty days and no extension by endorsement or alias and pluries summons was issued by the Clerk of Superior Court. That action was discontinued and the trial court lost jurisdiction over the proceedings based upon the original petition. I vote to vacate the trial court's order terminating respondents' parental rights for lack of subject matter jurisdiction. I respectfully dissent.

I. Standard of Review
"[A] court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action ex mero motu when subject matter jurisdiction is lacking." Reece v. Forga, 138 N.C.App. 703, 704, 531 S.E.2d 881, 882, disc. rev. denied, 352 N.C. 676, 545 S.E.2d 428 (2000). "The question of subject matter jurisdiction may properly be raised for the first time on appeal." Bache Halsey Stuart, Inc. v. Hunsucker, 38 N.C.App. 414, 421, 248 S.E.2d 567, 571 (1978), disc. rev. denied, 296 N.C. 583, 254 S.E.2d 32 (1979).

II. Jurisdiction
Termination of parental rights proceedings are governed by the North Carolina Rules of Civil Procedure. In re Bullabough, 89 N.C.App. 171, 179, 365 S.E.2d 642, 646 (1988). The majority's opinion correctly states N.C. Gen.Stat. § 7B-1101 (2005) grants the district court exclusive original jurisdiction over matters regarding the termination of parental rights. In juvenile actions, DSS filing a verified petition invokes the court's subject matter jurisdiction. In re Triscari Children, 109 N.C.App. 285, 288, 426 S.E.2d 435, 437 (1993).
Rule 4 of the North Carolina Rules of Civil Procedure governs process and the service of that process. N.C. Gen.Stat. § 1A-1, Rule 4 (2005). "A defect in service of process is jurisdictional, rendering any judgment or order obtained thereby void." In re Shermer, 156 N.C.App. 281, 291, 576 S.E.2d 403, 410 (2003) (citations and quotations omitted). At a minimum, due process requires notice of the pendency of an action and the opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865, 873 (1950).

A. Rule 3 and Rule 4
Rule 4 requires a summons to be issued within five days of filing the complaint or verified petition. N.C. Gen.Stat. § 1A-1, Rule 4(a) (2005). If a summons is issued without a complaint or verified petition attached, the party must make an "application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days." N.C. Gen. Stat. § 1A-1, Rule 3(a)(1) (2005). The court must then "make[ ] an order stating the nature and purpose of the action and granting the requested permission." N.C. Gen.Stat. § 1A-1, Rule 3(a)(2) (2005). "The summons and the court's order shall be served in accordance with the provisions of Rule 4." N.C. Gen.Stat. § 1A-1, Rule 3(a) (2005) (emphasis supplied).
The summons and petition must be served upon the opposing party within sixty days of its issuance. N.C. Gen.Stat. § 1A-1, Rule 4(c) (2005). If the summons is not served on the parties within sixty days, "Rule 4(d) permits the action to be continued, so as to relate back to the date of issue of the original summons, by an endorsement from the clerk or issuance of an alias or pluries summons within ninety days of the issuance of the last preceding summons." Lemons v. Old Hickory Council, Boy Scouts, Inc., 322 N.C. 271, 275, 367 S.E.2d 655, 657 (1988). DSS neither obtained an endorsement nor sought issuance of an alias or pluries summons in this case.
"Rule 4(e) specifically provides that where there is neither endorsement nor issuance of alias or pluries summons within ninety days after issuance of the last preceding summons, the action is discontinued as to any defendant *62 not served within the time allowed and [is] treated as if it had never been filed." Dozier v. Crandall, 105 N.C.App. 74, 78, 411 S.E.2d 635, 638 (emphasis supplied) (citing Johnson v. City of Raleigh, 98 N.C.App. 147, 148-49, 389 S.E.2d 849, 851, disc. rev. denied, 327 N.C. 140, 394 S.E.2d 176 (1990)), disc. rev. denied, 332 N.C. 480, 420 S.E.2d 826 (1992). "[W]here an action has not been filed, a trial court necessarily lacks subject matter jurisdiction." In re A.B.D., 173 N.C.App. 77, 86, 617 S.E.2d 707, 713 (2005).
DSS filed a verified petition to terminate respondents' parental rights on 4 October 2004. Pursuant to Rule 4(a), a summons was issued to respondent-mother and respondent-father on 7 October 2004. The original summons and verified petition were not served on either of respondents and the Sheriff returned the process as unserved. Neither an endorsement of the original summons nor an alias or pluries summons was issued by the Clerk of Superior Court within ninety days after issuance of the original summons. N.C. Gen.Stat. § 1A-1, Rule 4(e) (2005). The original verified petition to terminate the parental rights of both respondents was "discontinued and [is] treated as it was never filed." Dozier, 105 N.C.App. at 78, 411 S.E.2d at 638; see Snead v. Foxx, 329 N.C. 669, 673, 406 S.E.2d 829, 832 (1991) (When Rule 4 has not been complied with, it provides for discontinuance of the action.). A second summons was issued and served upon respondent-mother on 18 October 2004 and upon respondent-father on 26 and 31 January 2005.
The majority's opinion correctly states "even where a summons is not yet dormant, the issuance of a new summons without reference to the original summons discontinues the original action and initiates a new one." The majority's opinion purports to hold the issuance of the second summons without DSS filing a new verified petition reinvoked subject matter jurisdiction on 18 October 2004 over respondent-mother and on 31 January over respondent-father. I disagree.
Rule 3 of the North Carolina Rules of Civil Procedure states, "a civil action is commenced by filing a complaint with the court." N.C. Gen.Stat. § 1A-1, Rule 3. Similarly, in juvenile actions, the filing of a verified petition establishes the district court's subject matter jurisdiction. In re Triscari Children, 109 N.C.App. at 288, 426 S.E.2d at 437. Here, the second summons was served upon respondent-mother and respondent-father without DSS attaching a court order granting a delayed filing of the petition required by Rule 3(a) or filing a new verified petition to terminate respondents' parental rights as is required by N.C. Gen.Stat. § 7B-1104.
The second summons failed to relate back to the original verified petition because the original petition is deemed "discontinued and treated as it was never filed." Dozier, 105 N.C.App. at 78, 411 S.E.2d at 638. Without a valid verified petition or court order allowing delayed filing, the trial court did not acquire subject matter jurisdiction to enter its order terminating respondents' parental rights. N.C. Gen.Stat. § 7B-1104; N.C. Gen.Stat. § 1A-1, Rule 3. The trial court's order is "void" and must be vacated. Shermer, 156 N.C.App. at 291, 576 S.E.2d at 410.

III. Conclusion
Non-compliance with Rule 3 and Rule 4 divests the trial court of subject matter jurisdiction and renders its order "void." Id. at 291, 576 S.E.2d at 410. In the present case, DSS did not comply with either Rule 3 or Rule 4.
The original summons and verified petition was not served upon respondents within sixty days of its issuance pursuant to Rule 4(c). The termination proceedings were "discontinued" and the original verified petition is "treated as it was never filed." Dozier, 105 N.C.App. at 78, 411 S.E.2d at 638.
DSS failed to obtain an extension by endorsement or to have an alias and pluries summons issued "to revive [the] discontinued action." Byrd v. Trustees of Watts Hospital, Inc., 29 N.C.App. 564, 569, 225 S.E.2d 329, 332 (1976).
The second summons issued and served upon respondents "commenced a new action on the date of its issuance." Stokes v. Wilson and Redding Law Firm, 72 N.C.App. 107, 111, 323 S.E.2d 470, 474 (1984), disc. rev. denied, 313 N.C. 612, 332 S.E.2d 83 (1985). *63 No new verified petition or court order granting delayed filing was attached to the second summons as is statutorily required to invoke the jurisdiction of the district court. N.C. Gen.Stat. § 7B-1104; N.C. Gen.Stat. § 1A-1, Rule 3.
The majority's opinion holds serious consequences for all civil actions beyond the facts and circumstances of this case, as it would overlook violations of Rule 3 and Rule 4 of the North Carolina Rules of Civil Procedure and disregards the absence of subject matter jurisdiction. No new verified petition or court order granting a delayed filing was attached to the summons before us. The trial court was without subject matter jurisdiction when it entered its order terminating respondents' parental rights.
In the absence of subject matter jurisdiction, the trial court's order is void and should be vacated. I vote to vacate the trial court's order terminating respondents' parental rights. I respectfully dissent.