IN THE MATTER OF: J.G.L.
No. COA08-644
Court of Appeals of North Carolina
Filed October 21, 2008
This case not for publication
Jayne B. Norwood, for petitioner-appellee Nash County Department of Social Services.
Pamela Newell Williams, for guardian ad litem for the child.
Richard E. Jester, for respondent-appellant mother.
MARTIN, Chief Judge.
Tina L. ("respondent") appeals from an order terminating her parental rights as mother of the minor child J.G.L.[1] We affirm.
On 12 September 2006 the Nash County Department of Social Services ("DSS") filed a petition alleging neglect and dependency of the minor child. In the petition DSS alleged that respondent left J.G.L. with a friend who became intoxicated and took the child to a McDonald's. When DSS arrived, respondent's friend did not know respondent's last name, was too intoxicated to carry on a conversation, and respondent could not be located. DSS was granted non-secure custody of the child that same day. Counsel was appointed to represent respondent, and a hearing was held two days later to determine the need for continued custody. Respondent and her attorney attended the hearing, after which the trial court determined that custody should be continued with DSS. A written order was entered 20 October 2006.
On 11 January 2007, respondent consented to an adjudication of neglect and dependency. The trial court ordered continued custody with DSS, sanctioned a permanent plan of reunification, and awarded weekly visitation rights to respondent in an order entered 27 February 2007. At a review hearing held on 19 April 2007, respondent did not appear but was represented by counsel, who informed the court that he had not had contact with respondent. The court entered an order from this hearing on 14 June 2007, authorizing DSS to cease its reunification efforts with respondent and changing the permanent plan to adoption with a concurrent plan of guardianship with a court approved caretaker. The court allowed respondent to retain monthly supervised visitation rights. Another review hearing was held on 17 May 2007; again, respondent did not appear but was represented by counsel. The trial court's order was entered on 27 June 2007 and amended 7 September 2007, essentially continuing the same plan from the 19 April 2007 hearing.
On 17 July 2007 DSS filed a motion to terminate respondent's parental rights and raised the following grounds for termination: (1) neglect, N.C. Gen. Stat. § 7B-1111(a)(1) (2007); (2) willfully leaving the child in foster care for more than twelve months without making reasonable progress to correct the conditions that led to the removal of the child from the home, N.C. Gen. Stat. § 7B-1111(a)(2) (2007); and (3) respondent's parental rights to another child have been terminated involuntarily and respondent lacks the ability or willingness to establish a safe home, N.C. Gen. Stat. § 7B-1111(a)(9) (2007).
A permanency planning review hearing was held on 11 October 2007, at which the trial court denied respondent's request to resume visitation with the minor child. The order from that hearing was entered on 13 December 2007. Another permanency planning review hearing was held on 29 November 2007, and on 3 January 2008 the trial court ordered a permanent plan calling for termination of parental rights and adoption with a concurrent plan of guardianship with a court approved caretaker. The termination of parental rights hearing was held on 20 December 2007 and 2 January 2008. In the order entered on 4 March 2008, the trial court found by clear, cogent and convincing evidence that the following grounds exist to terminate respondent's parental rights: (1) neglect; (2) wilfully leaving the child in foster care for more than twelve months without showing reasonable progress to correct the conditions leading to the removal of the child; and (3) respondent's parental rights with respect to another child have been terminated involuntarily by a court of competent jurisdiction and she lacks the ability or willingness to establish a safe home. The trial court determined that termination would be in the best interest of the child and ordered respondent's parental rights terminated. Respondent appeals from the order terminating her parental rights.
By her first argument, respondent contends the trial court lacked personal jurisdiction over her since she was never properly served with the motion to terminate parental rights, as evidenced by the blank service page of the notice of motion. Although respondent concedes that the motion and notice are accompanied by a certificate of service showing service upon her appointed counsel, she argues that service upon counsel alone is insufficient to confer jurisdiction on the trial court. We disagree.
When a motion to terminate parental rights has been filed pursuant to section 7B-1102 in a pending juvenile neglect or dependency case, notice of the motion must be directed to the parents of the juvenile. N.C. Gen. Stat. § 7B-1106.1 (2007). Although failure to give proper notice gives rise to prejudicial error, service may be waived by appearing at the hearing with counsel and by failing to enter an objection to the lack of notice. In re J.S.L., 177 N.C. App. 151, 155, 628 S.E.2d 387, 389-90 (2006). Here, respondent appeared with her attorney at the termination hearings and did not enter an objection regarding the lack of notice. Therefore, she waived notice and this assignment of error is overruled.
Respondent also raises a claim of ineffective assistance of counsel, contending that her attorney should have objected to the lack of jurisdiction. Respondent argues that her attorney's failure to do so constitutes deficient performance, and she was prejudiced thereby in that she did not have an opportunity to argue for a new hearing. We do not agree with respondent's arguments.
The United States Supreme Court set forth a two-part test for determining the merits of an ineffective assistance of counsel claim in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, reh'g denied, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984). Our Supreme Court adopted this test in State v. Braswell, 312 N.C. 553, 562-63, 324 S.E.2d 241, 248 (1985). To satisfy this two-part test: (1) the defendant must show his counsel's performance was deficient in that it "fell below an objective standard of reasonableness" and (2) there must be a reasonable probability that without the error, defendant's trial would have had a different result. Id. at 561-63, 324 S.E.2d at 248. Furthermore, "[c]ounsel is given wide latitude in matters of strategy, and the burden to show that counsel's performance fell short of the required standard is a heavy one for defendant to bear." State v. Fletcher, 354 N.C. 455, 482, 555 S.E.2d 534, 551 (2001), cert. denied, 537 U.S. 846, 154 L. Ed. 2d 73 (2002). In addition, our appellate courts presume trial counsel's advocacy to be "within the boundaries of acceptable professional conduct." State v. Roache, 358 N.C. 243, 280, 595 S.E.2d 381, 406 (2004).
Respondent concedes the motion and notice are accompanied by a certificate of service addressed to respondent's counsel. Pursuant to statute, a motion to terminate in a pending juvenile case "and the notice required by G.S. 7B-1106.1 shall be served in accordance with G.S. 1A-1, Rule 5(b)." N.C. Gen. Stat. § 7B-1102 (2007). Service under section 1A-1, Rule 5(b) is sufficient if it is made upon the party's attorney of record. Therefore, service was properly made upon respondent's attorney and any failure on his part to object to lack of service cannot be considered deficient performance. This assignment of error has no merit.
Respondent next argues that the trial court violated statutory time limits by failing to enter written orders within thirty days. Respondent lists seven orders, including the adjudication order and the termination order, which were entered more than thirty days after the hearing dates. Orders following the hearings held on 19 April, 17 May (amended), 11 October, and 29 November 2007 were all entered after the next hearing had occurred. Respondent contends that this failure to timely enter written orders prevented her from being able to adequately respond and she was therefore prejudiced by the trial court's failure to make timely entry.
The trial court is required to enter orders within thirty days of an adjudication, disposition, review, or permanency planning review hearing. N.C. Gen. Stat. §§ 7B-807(b), -905(a), -906(d), -907(c) (2007). However, "our appellate courts have uniformly applied a `prejudicial error' analysis to determine whether the subject order must be reversed." In re P.L.P., 173 N.C. App. 1, 7, 618 S.E.2d 241, 245 (2005), affirmed per curiam, 360 N.C. 360, 625 S.E.2d 779 (2006). To show prejudice, respondent must show that any delay "had a probable impact on the outcome of the proceeding." In re D.B., 187 N.C. App. ___, ___, 652 S.E.2d 56, 59 (2007) (quotation omitted), aff'd per curiam, 362 N.C. 345, 661 S.E.2d 734 (2008).
Here, respondent argues that the delays prejudiced her ability to accomplish the mandates of the trial court. However, respondent testified at the termination hearing regarding her case plan and the various steps she took to attempt to comply with the court's orders. She stated that while she was living at one facility, "it allowed me to be able to focus on my goals and the things that I needed to do on the permanency plan to get my son by the reunification plan." She discussed various aspects of her plan such as visitation, therapy, housing programs, and employment, evidencing her knowledge of what was required of her in order to regain custody of the minor child. We also note the record reflects respondent's parental rights were terminated with respect to two other children in 2004, indicating some previous familiarity with the termination process. In any event, respondent has not shown that she was prejudiced by the delay in the entry of several of the court's orders such that a new hearing is required. This assignment of error is overruled.
Affirmed.
Judges Elmore and Steelman concur.
Report per Rule 30(e).
NOTES
[1] The trial court's order also terminated the parental rights of the minor child's father, J.G. He has not appealed and is therefore not a party to this appeal.